Steven M. Hanle, SBN 168876
  shanle@stradlinglaw.com
Jason H. Anderson, SBN 172087,
  janderson@stradlinglaw.com
Ahmad S. Takouche, SBN 322911
  atakouche@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Plaintiffs
ELI Realty Investments, LLC, Exclusive Lifestyles SoCal, LLC, Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles Ohio, LLC, and Exclusive Lifestyles Las Vegas, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI Realty Investments, LLC, a Nevada limited liability company; Exclusive Lifestyles SoCal, LLC, a California limited liability company; Exclusive Lifestyles San Francisco, Inc., a California corporation; Exclusive Lifestyles Ohio, LLC, an Ohio limited liability company; and Exclusive Lifestyles Las Vegas, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Corcoran Group, LLC, a Delaware limited liability company; DOES 1 through 10,<br><br>Defendants. | CASE NO. 8:22-cv-01195<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br>**(2) FRAUD; AND**<br>**(3) VIOLATION OF CAL. BUS. AND PROF. CODE § 17200**<br><br>DEMAND FOR JURY TRIAL |

4873-9443-7669v2/107283-0001

ELI Realty Investments, LLC, Exclusive Lifestyles SoCal, LLC, Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles Ohio, LLC, and Exclusive Lifestyles Las Vegas, LLC (collectively, "Plaintiffs") hereby allege as follows:

## The Parties

1. Plaintiff ELI Realty Investments, LLC is a Nevada limited liability company with its principal place of business in Reno, Nevada.

2. Plaintiff Exclusive Lifestyles SoCal, LLC is a California limited liability company with its principal places of business in Orange County and Rancho Cucamonga, California.

3. Plaintiff Exclusive Lifestyles San Francisco, Inc. is a California corporation with its principal place of business in San Francisco, California.

4. Plaintiff Exclusive Lifestyles Ohio, LLC is an Ohio limited liability company with its principal place of business in Columbus, Ohio.

5. Plaintiff Exclusive Lifestyles Las Vegas, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

6. ELI Realty Investments, LLC is the majority owner of and controls the other four plaintiffs. Collectively, Plaintiffs ELI Realty Investments, LLC, Exclusive Lifestyles SoCal, LLC, Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles Ohio, LLC, and Exclusive Lifestyles Las Vegas, LLC are hereinafter collectively referred to as "Plaintiffs".

7. Defendant Corcoran Group LLC ("Defendant" or "Corcoran Group") is a Delaware limited liability company with its principal place of business in Madison, New Jersey.

## Jurisdiction And Venue

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of

citizenship between Plaintiffs and Defendant.

9. This Court has personal jurisdiction over Corcoran Group because, as more fully alleged herein, Corcoran Group entered into contracts with ELI Realty Investments, Exclusive Lifestyles SoCal and Exclusive Lifestyles San Francisco to perform services in California and thus purposefully directed its business activities to California, as more fully alleged herein.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**Corcoran and the Franchise Agreements**

11. Corcoran Group was originally formed on October 1, 2015 to operate as a subsidiary of Realogy Group and Realogy Holdings, which operate a number of real estate franchise systems, including Century 21, Coldwell Banker and Sotheby's International Realty. Corcoran Group began offering franchises for real estate brokerage offices in January 2019.

12. In late 2019 and early 2020, Plaintiff ELI Realty Investments was in discussions with Christies International Real Estate, a competitor of the Corcoran Group, to start a Christies franchise. In late 2019 and early 2020, Corcoran Group, induced ELI Realty Investments to enter instead into franchise agreements with the Corcoran Group.

13. Specifically, Corcoran provided to ELI Realty Investments on or about October 9, 2019 Corcoran Group's Franchise Disclosure Document (FDD), which included the form of, and was later incorporated into, the franchise agreements ultimately signed by Plaintiffs in reliance on the representations alleged herein. The FDD and franchise agreements also incorporate Corcoran Group's Policy and Procedures Manual (P&P Manual). The Franchise Agreements with the Plaintiffs, including the incorporated FDD and the P&P Manual are collectively referred to as the Franchise Documents.

14. Corcoran Group represented, including in the Franchise Documents, that Corcoran Group had developed fully functioning technology systems, including a system known as DASH that would allow Plaintiffs to transmit required listing information and transaction reporting information and other relevant reporting data via the internet, and that would generate accurate information regarding Royalty Fees to be paid by franchisees. Corcoran's DASH system was not fully functional as represented, causing major disruptions to Plaintiffs' businesses and the repeated and uncured Royalty Fee overpayments alleged herein. The Franchise Documents required Plaintiffs to use the deficient DASH system.

15. Corcoran Group represented, including in the Franchise Documents, that corcoran.com was capable of serving as Plaintiffs' primary website presence, including for MLS listings. Contrary to Corcoran's representations, corcoran.com was deficient in many respects, for many months after Plaintiffs entered into their Franchise Agreements, including without limitation:

- corcoran.com was non-compliant with state real estate guidelines for how listings and agents should appear online on (missing DRE numbers and MLS IDs)
- corcoran.com was missing MLS feeds for many months
- corcoran.com was incapable of presenting Plaintiffs' business as a whole their leadership with correct structure and titles, or other local/regional-level services

16. The Franchise Documents required Corcoran Group to provide marketing support to Plaintiffs, and Corcoran Group represented that it had the capabilities to provide this support, including without limitation implementation of a Launch Advertising Plan. Contrary to Corcoran's representations, Corcoran Group lacked these capabilities, including a grossly deficient presentations tool, inadequate, non-compliant and/or unusable templates, inability and/or

unwillingness of Corcoran Group's marketing personnel to provide support or approval.

17. The Franchise Documents required Corcoran Group to provide training to each of Plaintiffs within one year of executing their Franchise Agreements. This included at least two hours of training in each of the following areas: Brand Introduction, Digital Overview, Using Tools and Systems, Marketing, Recruiting, and Learning and Development. The failure of Corcoran Group to provide the required training greatly exacerbated the deficiencies in DASH, corcoran.com and Corcoran Group's marketing capabilities.

18. In reliance on Corcoran Group's representations and promises, on or about January 19, 2020, ELI Realty Investments entered into a Franchise Agreement with Corcoran Group to operate a real estate brokerage businesses in the Reno, Nevada geographic market (including the counties of Placer, El Dorado, Amador, Nevada, Sierra, and Alpine in California, and the Counties of Washoe, Lyon, Storey, and Douglas in Nevada), as well as the San Francisco geographic market (the "ELI Realty Investments Contract").

19. In further reliance on Corcoran Group's representations and promises, on or about January 23, 2020, Plaintiff Exclusive Lifestyles San Francisco, an affiliate of ELI Realty Investments that shares some common ownership, entered into a separate Franchise Agreement with Corcoran Group to operate a real estate brokerage businesses in the San Francisco geographic market (the "Exclusive Lifestyles SF Contract").

20. As a further inducement for ELI Realty Investments to become the first franchisee of Corcoran Group, Corcoran Group offered to fund ELI Realty Investments' acquisition and transition costs incurred in bringing in merger/acquisition candidates to join the ELI Realty Investments group of franchisees and form additional Corcoran franchises. Specifically, Corcoran Group offered Conversion Promissory Notes ("CPNs"), to be funded upon the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5
COMPLAINT

4873-9443-7669v2/107283-0001

close of each new franchise agreement. Corcoran Group represented to Plaintiffs that the CPNs were not loans, but a forgivable upfront rebate of franchise fees that would be earned annually over the term of the franchise agreements.

21. But in order to receive the annual forgiveness of CPN obligations and to continue to receive further CPN funding, Plaintiffs were required to keep their franchise fees current and to ensure that commission income from the Plaintiffs' franchises maintained thresholds and trending consistent with inception commission income as franchises were added to Plaintiffs' franchise group. After inducing Plaintiffs to repeatedly increase the CPN funding, the Corcoran Group engaged in several unfair, unlawful and/or fraudulent acts that interfered with Plaintiffs' ability to comply with the terms of the CPNs, including by unfairly calculating commission income in a way that prevented Plaintiffs from maintaining the trending required to receive annual forgiveness credit against the CPNs.

22. By representing that the CPN's are not loans, but rather an advancement of rebated franchise fees forgivable over the committed term of the franchise agreement, on information and belief, Corcoran Group purported to avoid legal requirements regarding usury rates and loan payment and default rights in favor of franchisees. Yet Corcoran Group or its affiliates filed UCC documentation as is customary with loans in order to secure its CPN rights against the franchisee operations. Thereafter, Corcoran used the threat of acceleration of CPN notes, as well as issuance of further CPN notes to fund growth, as mechanisms to coerce concessions from Plaintiffs in connection with their rights under the Franchise Documents, and to favor and protect franchises owned or controlled by the Corcoran Group or its affiliates.

23. In further reliance on Corcoran Group's representations and promises, and based on the inducements by Corcoran Group to produce additional revenue to reduce indebtedness on the Conversion Promissory Notes, on or about September 11, 2020, Plaintiff Exclusive Lifestyles SoCal, an affiliate of ELI Realty Group

that shares some common ownership, entered into a separate Franchise Agreement with Corcoran Group to operate a real estate brokerage businesses in Southern California geographic markets, ultimately including the San Diego Geographic Market, the LA Geographic Market, Riverside Geographic Market, San Bernardino Geographic Market, and Orange County Geographic Market (the "Exclusive Lifestyles SoCal Contract").

24. In further reliance on Corcoran Group's representations and promises, and based on the inducements by Corcoran Group to produce additional revenue to reduce indebtedness on the Conversion Promissory Notes, on or about June 23, 2021, Plaintiff Exclusive Lifestyles Las Vegas, an affiliate of ELI Realty Group that shares some common ownership, entered into a separate Franchise Agreement with Corcoran Group to operate a real estate brokerage businesses in the Las Vegas geographic market (the "Exclusive Lifestyles LV Contract").

25. In further reliance on Corcoran Group's representations and promises, and based on the inducements by Corcoran Group to produce additional revenue to reduce indebtedness on the Conversion Promissory Notes, on or about October 22, 2021, Plaintiff Exclusive Lifestyles Ohio, an affiliate of ELI Realty Group that shares some common ownership, entered into a separate Franchise Agreement with Corcoran Group to operate a real estate brokerage businesses in the Columbus, Ohio geographic market (the "Exclusive Lifestyles Ohio Contract"). The ELI Realty Investments Contract, the Exclusive Lifestyles SF Contract, the Exclusive Lifestyles SoCal Contract, the Exclusive Lifestyles LV Contract the Exclusive Lifestyles Ohio Contract, together with the FDD and P&P Manual incorporated therein are collectively referred to herein as the "Franchise Agreements."

26. Among other things, the Franchise Agreements required Corcoran Group to accurately calculate Royalty Fees due from Plaintiffs based on information provided through Corcoran's DASH system.

27. Plaintiffs ELI Realty Investments, Exclusive Lifestyles San Francisco

and Exclusive Lifestyles SoCal diligently performed their obligations under their respective Franchise Agreements starting in 2020, earning Gross Revenue in the total amount of $86,718,568 for all transactions occurring in the 2020 calendar year (the "2020 GCI")

28. These Plaintiffs have paid Corcoran Group a total of $2,772,913 in Royalty Fees for transactions that closed during the 2020 calendar year. In early 2021, these Plaintiffs learned that the amount of Royalty Fees they paid to the Corcoran Group were significantly more than they owed under the Franchise Agreements

29. The parties determined that there was an integration issue between Plaintiffs' data system and Corcoran Group's DASH system caused by the DASH system's API. The deficient DASH API caused transactions to be duplicated (sometimes, multiple times), resulting in Corcoran Group reporting that Plaintiffs owed Royalty Fees for certain properties even though the Royalty Fee for such subject properties had already been paid.

30. Throughout 2021 and early 2022, Plaintiffs have attempted to get Corcoran Group to cooperate in fixing the errors and calculating and refunding the specific amount of overpayment of Royalty Fees. In a good faith attempt to assist Corcoran Group in solving the underlying problem and calculating the amount of the overpayments, Plaintiffs, at their own expense and with Corcoran Group's consent, engaged a CPA to conduct an audit including an analysis of the amount of Royalty Fees due and actually paid by Plaintiffs during the 2020 calendar year.

31. As of March 17, 2022, the audit had determined that Plaintiffs had paid Corcoran Group a total of $2,772,913 in Royalty Fees for transactions that closed during the 2020 calendar year resulting in an overpayment of Royalty Fees in the amount of $388,153.

32. As the underlying data problems have not been resolved, Plaintiffs continued to overpay Royalty Fees in 2021 and 2022. Plaintiffs believe that the

total amount of Royalty Fee overpayments to date exceed $800,000.

33. On March 17, 2022, Plaintiffs, through their counsel, demanded reimbursement of their overpayment of Royalty Fees, including in the amount of $388,153 for the 2020 calendar year. Plaintiffs have also suffered damages by incurring increased expenses and costs in an effort to address the overpayment issues.

34. Yet Despite Corcoran Group's knowledge of the overpayments and the cause of the errors, Corcoran Group has failed to correct the problem and has failed and refused to refund the overpayments.

## COUNT I

### Breach of ELI Realty Investments Contract

35. Plaintiffs incorporate the allegations of paragraphs 1 through 34 hereinabove as though set forth in full.

36. ELI Realty Investments performed all its obligations under the ELI Realty Investments Contract, except those which have been excused or prevented by Corcoran Group.

37. Corcoran Group has breached the ELI Realty Investments Contract by, among other things, overcharging for Royalty Fees, failing to refund overpayment of Royalty Fees by ELI Realty Investments, and failing to provide the training required by the Franchise Documents within one year.

38. As a direct and proximate result of Corcoran Group's breaches of the ELI Realty Investments Contract, ELI Realty Investments has been damaged in an amount according to proof, but which is believed to be in excess of $500,000.

## COUNT II

### Breach of Exclusive Lifestyles SF Contract

39. Plaintiffs incorporate the allegations of paragraphs 1 through 38 hereinabove as though set forth in full.

40. Exclusive Lifestyles San Francisco performed all its obligations under

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9
COMPLAINT

4873-9443-7669v2/107283-0001

the Exclusive Lifestyles SF Contract, except those which have been excused or prevented by Corcoran Group.

41. Corcoran Group has breached the Exclusive Lifestyles SF Contract by, among other things, overcharging for Royalty Fees, failing to refund overpayment of Royalty Fees by Exclusive Lifestyles San Francisco, and failing to provide the training required by the Franchise Documents within one year.

42. As a direct and proximate result of Corcoran Group's breaches of the Exclusive Lifestyles SF Contract, Exclusive Lifestyles San Francisco has been damaged in an amount according to proof, but which is believed to be in excess of $500,000.

## COUNT III
## Breach of Exclusive Lifestyles SoCal Contract

43. Plaintiffs incorporate the allegations of paragraphs 1 through 42 hereinabove as though set forth in full.

44. Exclusive Lifestyles SoCal performed all its obligations under the Exclusive Lifestyles SoCal Contract, except those which have been excused or prevented by Corcoran Group.

45. Corcoran Group has breached the Exclusive Lifestyles SoCal Contract by, among other things, overcharging for Royalty Fees and failing to refund overpayment of Royalty Fees by Exclusive Lifestyles SoCal.

46. As a direct and proximate result of Corcoran Group's breaches of the Exclusive Lifestyles SoCal Contract, Exclusive Lifestyles SoCal has been damaged in an amount according to proof, but which is believed to be in excess of $500,000.

## COUNT IV
## Breach of Exclusive Lifestyles LV Contract

47. Plaintiffs incorporate the allegations of paragraphs 1 through 46 hereinabove as though set forth in full.

48. Exclusive Lifestyles Las Vegas performed all its obligations under the Exclusive Lifestyles LV Contract, except those which have been excused or prevented by Corcoran Group.

49. Corcoran Group has breached the Exclusive Lifestyles LV Contract by, among other things, overcharging for Royalty Fees and failing to refund overpayment of Royalty Fees by Exclusive Lifestyles Las Vegas.

50. As a direct and proximate result of Corcoran Group's breaches of the Exclusive Lifestyles LV Contract, Exclusive Lifestyles Las Vegas has been damaged in an amount according to proof, but which is believed to be in excess of $200,000.

## COUNT V

## Breach of Exclusive Lifestyles Ohio Contract

51. Plaintiffs incorporate the allegations of paragraphs 1 through 51 hereinabove as though set forth in full.

52. Exclusive Lifestyles Ohio performed all its obligations under the Exclusive Lifestyles Ohio Contract, except those which have been excused or prevented by Corcoran Group.

53. Corcoran Group has breached the Exclusive Lifestyles Ohio Contract by, among other things, overcharging for Royalty Fees and failing to refund overpayment of Royalty Fees by Exclusive Lifestyles Ohio.

54. As a direct and proximate result of Corcoran Group's breaches of the Exclusive Lifestyles Ohio Contract, Exclusive Lifestyles Ohio has been damaged in an amount according to proof, but which is believed to be in excess of $200,000.

## COUNT VI

## Fraud

55. Plaintiffs incorporate the allegations of paragraphs 1 through 54 hereinabove as though set forth in full.

56. In October 2019 through January 2020, Corcoran Group directly and

through its agents, including Ryan Schneider, John Peyton, Richard Green, David Cernich, Pam Liebman, Luke Barton, April Kearney and Monique Sofo misrepresented to or concealed from Plaintiffs the following facts:

    a.    Misrepresented that Corcoran Group had developed technology systems that would allow Plaintiffs to transmit required listing information and transaction reporting information and other relevant reporting data via the internet, and that would generate accurate information regarding Royalty Fees to be paid by franchisees. Corcoran Group concealed from Plaintiffs that its DASH system was not fully functional as represented, causing major disruptions to Plaintiffs' businesses and the repeated and uncured Royalty Fee overpayments alleged herein.

    b.    Misrepresented that corcoran.com was capable of serving as Plaintiffs' primary website presence, including for MLS listings. Corcoran Group concealed that corcoran.com was deficient in that

- corcoran.com was non-compliant with state real estate guidelines for how listings and agents should appear online on (missing DRE numbers and MLS IDs)
- corcoran.com was missing MLS feeds, including for many months after Plaintiffs launched their franchises
- corcoran.com was incapable of presenting Plaintiffs' business as a whole their leadership with correct structure and titles, or other local/regional-level services

    c.    Misrepresented that Corcoran Group had the capabilities to provide marketing support, including without limitation implementation of a Launch Advertising Plan. Corcoran Group concealed that it lacked these capabilities, including a grossly deficient presentations tool, inadequate, non-compliant and/or unusable templates, inability and/or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4873-9443-7669v2/107283-0001

12
COMPLAINT

unwillingness of Corcoran Group's marketing personnel to provide support or approval.

57. Also in January 2020, at the time Corcoran Group entered into the ELI Realty Investments Contract and the Exclusive Lifestyles SF Contract, Corcoran Group promised in written Conversion Promissory Note that it would forgive the Yearly Principal on the CPN notes if ELI Realty Investments met the "Forgiveness Threshold" and paid the applicable Royalty Fees.

58. Corcoran Group made the same promise in September 2020 at the time of the Exclusive Lifestyles SoCal Contract, as well as in CPNs dated March 15, 2021, August 12, 2021, September 1, 2021, and January 27, 2022.

59. At the time that Corcoran Group made the misrepresentations and false promises alleged herein, it knew them to be false as it had full knowledge of the true facts and intentions, and knew that the concealed facts would be material to Plaintiffs in entering into the Franchise Agreements. With respect to the false promises regarding the CPNs, on information and belief, Corcoran Group never intended to forgive the Yearly Principal over the term of the Franchise Agreements, but rather to manipulate calculation of commission income and engage in other acts that prevented ELI Realty Investments from achieving the Forgiveness Thresholds, at least according to Corcoran Group.

60. Corcoran Group intended to induce Plaintiffs to rely on the misrepresentations, concealment and false promises alleged herein by entering into the Franchise Agreements, as Corcoran Group knew that the misrepresented and concealed information and false promises would be important to any reasonable franchisee in deciding whether to enter into a franchise relationship.

61. Plaintiffs relied on the misrepresentations, concealment and false promises alleged herein by entering into the Franchise Agreements, and their reliance was justifiable because, among other things, Corcoran Group was affiliated with several other well-established franchise systems and because certain

of the misrepresentations were in writing, including in a publicly filed Franchise Disclosure Document.

62. As a direct and proximate result of Corcoran Group's misrepresentations, concealment and false promises alleged herein, Plaintiffs have been damaged in amount according to proof, but which is believed to be in excess of $2 million.

## COUNT VII
## Violation of Cal. Bus. and Prof. Code § 17200

63. Plaintiffs incorporate the allegations of paragraphs 1 through 62 hereinabove as though set forth in full.

64. Business and Professions Code section 17200 et seq. (the Unfair Competition Law or UCL) prohibits any unlawful, unfair or fraudulent business act or practice.

65. The acts of Corcoran Group alleged hereinabove were unlawful, unfair or fraudulent business acts or practices, entitling Plaintiffs to and injunction and restitution of an amount according to proof.

66. In addition to the acts alleged hereinabove, Corcoran Group engaged in additional unlawful, unfair or fraudulent business acts or practices including, without limitation:

    a. Manipulating the amounts forgiven under the CPN's alleged above by miscalculating commission income, including by reliance on what the parties called "doughnut holes" in commission income, notwithstanding the parties' agreement to correct the doughnut-hole issues;

    b. Interfering with ELI Realty Investments' efforts to negotiate with additional potential franchisees;

    c. Reneging on its commitment to provide Plaintiffs with primary status with the Cartus Relocation Network;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

14
COMPLAINT

4873-9443-7669v2/107283-0001

    **d.**    Reneging on its commitment to provide funding for expansion by Plaintiffs in Ohio and Nevada; and

    **e.**    Permitting its affiliate to raid Plaintiffs' Sacramento office by calling the entire roster of Plaintiffs' agents.

67.    The foregoing acts were undertaken with the purpose of forcing Plaintiffs into defaults under the Franchise Documents and/or making concessions by giving up rights under the Franchise Documents, which defaults or concessions if not resisted, would allow Corcoran Group to take over the revenues and good will created by Plaintiffs in the Corcoran Group brand.

## JURY DEMAND

68.    Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment and relief against Defendant as follows:

1.    For an order rescinding the Franchise Agreements and granting restitution of the benefits conferred to Corcoran Group in connection with the Franchise Agreements, together with an award of consequential damages according to proof.

2.    For damages according to proof on Plaintiff's claims for breach of contract and fraud (as an alternative to rescission and restitution);

3.    For an injunction and restitution according to proof under the UCL;

4.    For an award of attorneys' fees as permitted by law; and

5.    For such further relief and permitted by law and equity.

| | | |
|---|---|---|
| DATED: June 21, 2022 | | STRADLING YOCCA CARLSON & RAUTH PC |

By:  */s/ Steven M. Hanle*
Steven M. Hanle
Jason H. Anderson
Ahmad S. Takouche

Attorneys For Plaintiffs
Eli Realty Investments, LLC, Exclusive Lifestyles SoCal, LLC, Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles Ohio, LLC, and Exclusive Lifestyles Las Vegas, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

16
COMPLAINT

4873-9443-7669v2/107283-0001