## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—
## GENERAL

| | |
|---|---|
| Case No. 8:22-cv-01195-JWH-ADS | Date July 25, 2022 |
| Title *ELI Realty Investments, LLC et al. v. Corcoran Group, LLC et al.* | |

Present: The Honorable  JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   SECOND ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

The Court has received and reviewed the notice of Plaintiffs ELI Realty Investments, LLC; Exclusive Lifestyles SoCal, LLC; Exclusive Lifestyles San Francisco, Inc.; Exclusive Lifestyles Ohio, LLC; and Exclusive Lifestyles Las Vegas, LLC.[1] That Notice listed the membership and ownership of the various LLC Plaintiffs. The Court ordered Plaintiffs to file that Notice[2] because they assert claims for relief arising under only state law[3] and because they assert that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.[4]

---

[1] *See* Pls.' Notice of Owners/Members of Limited Liability Company-Parties Pursuant to Ct. Order (the "Notice") [ECF No. 51].

[2] *See generally* Order to Show Cause Regarding Subject Matter Jurisdiction (the "OSC") [ECF No. 28].

[3] *See* Compl. (the "Complaint") [ECF No. 1] ¶¶ 35-67.

[4] *Id.* at ¶ 8.

Plaintiffs' Notice, however, does not adequately state the full membership of Defendant and Third-Party Plaintiff Corcoran Group, LLC.[5] Since Corcoran has appeared and has invoked this Court's jurisdiction as a third-party plaintiff,[6] the Court turns to it to provide information so that the Court may ensure that it possesses subject matter jurisdiction over this case. District courts "have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. Parties invoking the Court's jurisdiction bear "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Like the Court's previous OSC, the issue here is the citizenship of Corcoran. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Since the Third-Party Complaint identifies neither the citizenship of Corcoran's sole member, nor the citizenship of that company's members or owners, the Court cannot establish that the parties are sufficiently diverse for the purposes of 28 U.S.C. § 1332.

Accordingly, the Court hereby **ORDERS** as follows:

1. Corcoran is **DIRECTED** to file, no later than July 29, 2022, a notice listing (a) the name of the limited liability company-party that comprises its sole member; (b) the state of citizenship of that company; and (c) the names and states of citizenship for each owner or member of that company.

2. A video hearing on this Second Order to Show Cause is **SET** for August 5, 2022, at 11:00 a.m. The video hearing on the previous Order to Show

---

[5] Notice 1:6-11 (stating, on information and belief, that Corcoran's sole member is itself a limited liability company) (citing Answer, Affirmative Defenses, Countercls., and Third Party Compl. of Corcoran Group LLC (the "Third-Party Complaint") [ECF No. 12] 11:13-17).

[6] *See* Third-Party Complaint 14:3-6.

Cause Regarding Subject Matter Jurisdiction [ECF No. 28] is **CONTINUED** to August 5, 2022, at 11:00 a.m.

**IT IS SO ORDERED.**