1  STEVEN M. HANLE, SBN 168876
      shanle@stradlinglaw.com
2  JASON H. ANDERSON, SBN 172087
      janderson@stradlinglaw.com
3  AHMAD S. TAKOUCHE, SBN 322911
      atakouche@stradlinglaw.com
4  STRADLING YOCCA CARLSON & RAUTH
   A Professional Corporation
5  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660-6422
6  Telephone:  949 725 4000
   Facsimile:  949 725 4100
7

8  Attorneys for Plaintiffs,
   Counterclaim Defendants and Third Party Defendants
9  ELI Realty Investments, LLC; Michael Mahon; MRM Investments, LLC;
   Exclusive Lifestyles SoCal, LLC; Exclusive Lifestyles San Francisco, Inc.;
10 Exclusive Lifestyles Ohio, LLC; Exclusive Lifestyles Las Vegas, LLC
   and  Exclusive Lifestyles Tahoe, LLC
11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14 | ELI Realty Investments, LLC, a Nevada | CASE NO. 8:22-cv-01195-JWH-ADS
15 | limited liability company; Exclusive
   | Lifestyles SoCal, LLC, a California | Hon. John W. Holcomb
16 | limited liability company; Exclusive
   | Lifestyles San Francisco, Inc., a | **ANSWER OF ELI REALTY**
17 | California corporation; Exclusive | **INVESTMENTS, LLC;**
   | Lifestyles Ohio, LLC, an Ohio limited | **EXCLUSIVE LIFESTYLES**
18 | liability company; and Exclusive | **SOCAL, LLC; EXCLUSIVE**
   | Lifestyles Las Vegas, LLC, a Nevada | **LIFESTYLES SAN FRANCISCO,**
19 | limited liability company, | **INC.; EXCLUSIVE LIFESTYLES**
   | | **OHIO, LLC; EXCLUSIVE**
20 |                Plaintiffs, | **LIFESTYLES LAS VEGAS, LLC;**
   | | **TO COUNTERCLAIMS; ANSWER**
21 |                vs. | **OF EXCLUSIVE LIFESTYLES**
   | | **TAHOE, LLC, MICHAEL**
22 | Corcoran Group, LLC, a Delaware | **MAHON, AND MRM**
23 | limited liability company; DOES 1 | **INVESTMENTS, LLC TO THIRD**
   | through 10, | **PARTY CLAIMS; THIRD PARTY**
24 | | **COUNTERCLAIMS OF**
   |                Defendants. | **MICHAEL MAHON, PAMELA**
25 | | **MAHON, AND MRM**
   | | **INVESTMENTS LLC**
26

27

28 |                                    | Complaint Filed:  June 21, 2022

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Corcoran Group LLC,

    Counterclaimant and Third
    Party Plaintiff,

    vs.

ELI Realty Investments, LLC; Michael
Mahon; Pamela Mahon; MRM
Investments, LLC; AIM High Capital
Partners, LLC; Libertas Funding LLC;
Matek LLC; Exclusive Lifestyles SoCal,
LLC; Exclusive Lifestyles San Francisco,
Inc.; Exclusive Lifestyles Ohio, LLC;
Exclusive Lifestyles Las Vegas, LLC;
Exclusive Lifestyles Tahoe, LLC; and
DOES 1 – 10,

    Counterclaim Defendants
    and Third Party
    Defendants.

Michael Mahon; Pamela Mahon; MRM
Investments, LLC,

    Third Party
    Counterclaimants,

    vs.

Corcoran Group, LLC,

    Third Party Counterclaim
    Defendant.

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1    Plaintiffs and Counterclaim Defendants ELI Realty Investments, LLC ("ELI

2  Realty"); Exclusive Lifestyles SoCal, LLC ("ELSC"); Exclusive Lifestyles San

3  Francisco, Inc. ("ELSF"); Exclusive Lifestyles Ohio, LLC ("ELO"); Exclusive

4  Lifestyles Las Vegas, LLC ("ELLV") and Third Party Defendants Michael Mahon

5  ("Mahon"); MRM Investments, LLC ("MRM"); and and Exclusive Lifestyles

6  Tahoe, LLC ("ELT") (collectively, and only for convenience, "ELI") respond to

7  the amended counterclaims and amended third party claims (the "Counterclaims")

8  of Defendant Corcoran Group, LLC ("Counterclaimant") as follows.  Any

9  admissions herein are for purposes of this litigation only.  The responses herein are

10 only on behalf of the specific party or parties stated in the response, and shall not

11 be deemed a response or admission by any other party.  The responses to the

12 allegations in each count herein shall only be deemed responses on behalf of the

13 parties against whom relief is requested in such count, and not responses on behalf

14 of any other party.  To the extent an allegation is deemed to be made against a

15 party that does not provide a specific response herein, each such party denies each

16 such allegation.

## PARTIES, JURISDICTION AND VENUE

18    1.    ELI admits the allegations of paragraph 1 of the Counterclaims.

19    2.    ELI denies that ELI Realty has a place of business located at 65

20 Foothill Road, Suite 2, Reno, Nevada 89511, but otherwise admits the allegations

21 of paragraph 2 of the Counterclaims.

22    3.    ELI admits the allegations of paragraph 3 of the Counterclaims.

23    4.    ELI admits the allegations of paragraph 4 of the Counterclaims.

24    5.    ELI admits the allegations of paragraph 5 of the Counterclaims.

25    6.    ELI admits the allegations of paragraph 6 of the Counterclaims.

26    7.    ELI admits the allegations of paragraph 7 of the Counterclaims.

27    8.    ELI admits the allegations of paragraph 8 of the Counterclaims.

28    9.    ELI admits the allegations of paragraph 9 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
ELI'S ANSWER TO AMENDED COUNTERCLAIMS
4862-4597-9207v3/107283-0001

10. ELI admits the allegations of paragraph 10 of the Counterclaims.

11. ELI admits the allegations of paragraph 11 of the Counterclaims.

12. ELI admits the allegations of paragraph 12 of the Counterclaims.

13. ELI is without information sufficient to form a belief as to the allegations contained in paragraph 13 of the Counterclaims, and on that basis denies them.

14. ELI is without information sufficient to form a belief as to the allegations contained in paragraph 14 of the Counterclaims, and on that basis denies them.

15. ELI is without information sufficient to form a belief as to the allegations contained in paragraph 15 of the Counterclaims, and on that basis denies them.

16. Paragraph 16 of the Counterclaims contains legal conclusions to which no response is required, however ELI does not contest subject matter jurisdiction

17. Paragraph 17 of the Counterclaims contains legal conclusions to which no response is required, however ELI does not contest personal jurisdiction.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.    Overview.**

18. ELI denies the allegations of paragraph 18 of the Counterclaims.

19. ELI denies the allegations of paragraph 19 of the Counterclaims.

20. ELI denies the allegations of paragraph 20 of the Counterclaims.

21. ELI denies that the franchise agreements and security agreements are separate, but otherwise admits the allegations of paragraph 21 of the Counterclaims.

22. ELI denies the allegations of paragraph 22 of the Counterclaims.

23. ELI admit the allegations of paragraph 23 of the Counterclaims.

24. ELI denies the allegations of paragraph 24 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

25. ELI denies the allegations of paragraph 25 of the Counterclaims.

26. ELI denies the allegations of paragraph 26 of the Counterclaims.

27. ELI denies the allegations of paragraph 27 of the Counterclaims.

28. ELI denies the allegations of paragraph 28 of the Counterclaims.

**B.     The Corcoran Marks and System.**

29. ELI is without information sufficient to form a belief as to the allegations contained in paragraph 29 of the Counterclaims, and on that basis denies them.

30. ELI is without information sufficient to form a belief as to the allegations contained in paragraph 30 of the Counterclaims, and on that basis denies them.

31. ELI is without information sufficient to form a belief as to the allegations contained in paragraph 31 of the Counterclaims, and on that basis denies them.

32. ELI is without information sufficient to form a belief as to the allegations contained in paragraph 32 of the Counterclaims, and on that basis denies them.

**C.     The ELI Realty Franchise Agreement.**

33. ELI admits the allegations of paragraph 33 of the Counterclaims.

34. ELI denies the allegations of paragraph 34 of the Counterclaims as any referenced document speaks for itself.

35. ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

36. ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

37. ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-
ELI'S ANSWER TO AMENDED COUNTERCLAIMS
4862-4597-9207v3/107283-0001

38.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

39.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

40.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

41.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

42.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

43.     ELI denies the allegations of paragraph 43 of the Counterclaims as any referenced document speaks for itself.

**D.     The ELI Realty Guaranty.**

44.     ELI admits the allegations of paragraph 44 of the Counterclaims.

45.     ELI admits the allegations of paragraph 45 of the Counterclaims.

46.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph..

47.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

48.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

49.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

**E.     The Corcoran Loans and the ELI Realty Notes.**

50.     ELI denies the allegations of paragraph 50 of the Counterclaims.

51.     ELI denies the allegations of paragraph 51 of the Counterclaims.

52.     ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

53.    ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

54.    ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

55.    ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

56.    ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

57.    ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

58.    ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

**F.    <u>The ELI Realty Security Agreement</u>.**

59.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

60.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

61.    ELI is without information sufficient to form a belief as to the allegations contained in paragraph 61 of the Counterclaims, and on that basis denies them.

62.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

63.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

64.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

65.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

**G.    The ELI Realty JV Equity Interests.**

66.    ELI admits the allegations of paragraph 66 of the Counterclaims.

67.    ELI denies the allegations of paragraph 67 of the Counterclaims.

**H.    The Exclusive San Francisco – Corcoran Agreements.**

68.    ELI admits the allegations of paragraph 68 of the Counterclaims.

69.    ELI denies the allegations of paragraph 69 of the Counterclaims.

70.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

71.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

72.    ELI is without information sufficient to form a belief as to the allegations contained in paragraph 72 of the Counterclaims, and on that basis denies them.

**I.    The Exclusive SoCal – Corcoran Agreements.**

73.    ELI admits the allegations of paragraph 73 of the Counterclaims.

74.    ELI denies the allegations of paragraph 74 of the Counterclaims.

75.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

76.    ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

77.    ELI is without information sufficient to form a belief as to the allegations contained in this paragraph of the Counterclaims, and on that basis denies them.

**J.    The Exclusive Las Vegas – Corcoran Agreements.**

78.    ELI admits the allegations of paragraph 78 of the Counterclaims.

79.    ELI denies the allegations of paragraph 79 of the Counterclaims.

80.    ELI denies the allegations of paragraph 80 of the Counterclaims.

81.    ELI admits the allegations of paragraph 81 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

82.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

83.     ELI is without information sufficient to form a belief as to the allegations contained in this paragraph of the Counterclaims, and on that basis denies them.

**K.      The Exclusive Tahoe – Corcoran Agreements.**

84.     ELI admits the allegations of paragraph 84 of the Counterclaims.

85.     ELI denies the allegations of paragraph 85 of the Counterclaims.

86.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

87.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

88.     ELI is without information sufficient to form a belief as to the allegations contained in this paragraph of the Counterclaims, and on that basis denies them.

89.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

90.     ELI denies the allegations of paragraph 90 of the Counterclaims.

91.     ELI denies the allegations of paragraph 91 of the Counterclaims.

**L.      The Exclusive Ohio – Corcoran Agreements.**

92.     ELI admits the allegations of paragraph 92 of the Counterclaims.

93.     ELI denies the allegations of paragraph 93 of the Counterclaims.

94.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

95.     ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

96.    ELI is without information sufficient to form a belief as to the allegations contained in this paragraph of the Counterclaims, and on that basis denies them.

**M.    ELI Realty Franchise Agreement and Note Defaults – Monetary.**

97.    ELI denies the allegations of paragraph 97 of the Counterclaims.

98.    ELI denies the allegations of paragraph 98 of the Counterclaims.

99.    ELI denies the allegations of paragraph 99 of the Counterclaims.

100.   ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

101.   ELI denies the allegations of paragraph 101 of the Counterclaims.

102.   ELI denies the allegations of paragraph 102 of the Counterclaims.

**N.    Security Agreement and Note Defaults – Sale of Corcoran Collateral to Libertas.**

103.   ELI denies the allegations of paragraph 103 of the Counterclaims.

104.   ELI denies the allegations of paragraph 104 of the Counterclaims.

105.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

106.   ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

107.   ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

108.   ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

109.   ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

110.   ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

111.   ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

112.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

113.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

114.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

115.   ELI denies the allegations of paragraph 115 of the Counterclaims.

116.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

117.   ELI denies the allegations of paragraph 117 of the Counterclaims.

118.   ELI denies the allegations of paragraph 118 of the Counterclaims.

119.   ELI denies the allegations of paragraph 119 of the Counterclaims.

120.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

121.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph

122.   ELI admits that the referenced document speaks for itself, but otherwise denies the allegations of this paragraph.

123.   ELI denies the allegations of paragraph 123 of the Counterclaims.

124.   ELI denies the allegations of paragraph 124 of the Counterclaims.

125.   ELI denies the allegations of paragraph 125 of the Counterclaims.

126.   ELI denies the allegations of paragraph 126 of the Counterclaims.

**O.**   **Franchise Agreement Defaults by JV Franchisees.**

127.   ELI denies the allegations of paragraph 127 of the Counterclaims.

128.   ELI denies the allegations of paragraph 128 of the Counterclaims.

129.   ELI denies the allegations of paragraph 129 of the Counterclaims.

-9-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ELI'S ANSWER TO AMENDED COUNTERCLAIMS
4862-4597-9207v3/107283-0001

130.   ELI admits the allegations of paragraph 130 of the Counterclaims.

131.   ELI denies the allegations of paragraph 131 of the Counterclaims.

132.   ELI denies the allegations of paragraph 132 of the Counterclaims.

133.   ELI denies the allegations of paragraph 133 of the Counterclaims.

134.   ELI denies the allegations of paragraph 134 of the Counterclaims.

**P.     The Mortgage Company Transfer.**

135.   ELI denies the allegations of paragraph 135 of the Counterclaims.

136.   ELI admits the allegations of paragraph 136 of the Counterclaims.

137.   ELI denies the allegations of paragraph 137 of the Counterclaims.

138.   ELI denies the allegations of paragraph 138 of the Counterclaims.

139.   ELI denies the allegations of paragraph 139 of the Counterclaims.

140.   ELI denies the allegations of paragraph 140 of the Counterclaims.

**Q.     The Title Company Transfer.**

141.   ELI admits the allegations of paragraph 142 of the Counterclaims.

142.   ELI admits the allegations of paragraph 142 of the Counterclaims.

143.   ELI denies the allegations of paragraph 143 of the Counterclaims.

144.   ELI denies the allegations of paragraph 144 of the Counterclaims.

145.   ELI denies the allegations of paragraph 145 of the Counterclaims.

146.   ELI denies the allegations of paragraph 146 of the Counterclaims.

**R.     Distributions, Bonuses and Transfer to Insiders.**

147.   ELI admits the dates and amounts of the payments (except the typo in the heading "*2020 Payments*"), but denies that the payments were "insider transfers" or were otherwise improper.

148.   ELI denies the allegations of paragraph 148 of the Counterclaims.

149.   ELI denies the allegations of paragraph 149 of the Counterclaims.

**S.     The Court Approved Stipulation and Breach Thereof.**

150.   ELI admits the allegations of paragraph 150 of the Counterclaims.

151.   ELI admits the allegations of paragraph 151 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1    152.   ELI admits that the referenced document speaks for itself, but
2  otherwise denies the allegations of this paragraph.

3    153.   ELI admits that the referenced document speaks for itself, but
4  otherwise denies the allegations of this paragraph.

5    154.   ELI denies the allegations of paragraph 154 of the Counterclaims.

6    155.   ELI admits that none of the Franchisees requested or obtained "relief
7  from the stipulation," but denies that such relief was necessary or appropriate.

8  **T.    Corcoran's Termination of the ELI Realty Franchise Agreement and**
9         **Demand for Compliance with the ELI Realty Security Agreement.**

10   156.   ELI admits that the referenced document speaks for itself, but
11 otherwise denies the allegations of this paragraph.

12   157.   ELI admits that the referenced document speaks for itself, but
13 otherwise denies the allegations of this paragraph.

14   158.   ELI admits that the referenced documents speak for themselves, but
15 otherwise denies the allegations of this paragraph.

16   159.   ELI admits that the referenced documents speak for themselves, but
17 otherwise denies the allegations of this paragraph.

18   160.   ELI admits that the referenced documents speak for themselves, but
19 otherwise denies the allegations of this paragraph.

20   161.   ELI admits that the referenced documents speak for themselves, but
21 otherwise denies the allegations of this paragraph.

22   162.   ELI denies the allegations of paragraph 162 of the Counterclaims.

23   163.   ELI admits that the referenced documents speak for themselves, but
24 otherwise denies the allegations of this paragraph.

25   164.   ELI admits that the referenced documents speak for themselves, but
26 otherwise denies the allegations of this paragraph.

27   165.   ELI denies the allegations of paragraph 165 of the Counterclaims.

28   166.   ELI denies the allegations of paragraph 166 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

167. ELI denies the allegations of paragraph 167 of the Counterclaims.

168. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

169. ELI denies the allegations of paragraph 169 of the Counterclaims.

170. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

171. ELI denies the allegations of paragraph 171 of the Counterclaims.

172. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

173. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

174. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

175. ELI denies the allegations of paragraph 175 of the Counterclaims.

176. ELI denies the allegations of paragraph 176 of the Counterclaims.

**U.** **Corcoran's Termination of the San Francisco Franchise Agreement and Demand for Compliance with the Exclusive San Francisco Security Agreement.**

177. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

178. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

179. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

180. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

181. ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1    182.   ELI admits that the referenced documents speak for themselves, but

2    otherwise denies the allegations of this paragraph.

3    183.   ELI denies the allegations of paragraph 183 of the Counterclaims.

4    184.   ELI admits that the referenced documents speak for themselves, but

5    otherwise denies the allegations of this paragraph.

6    185.   ELI admits that the referenced documents speak for themselves, but

7    otherwise denies the allegations of this paragraph.

8    186.   ELI denies the allegations of paragraph 186 of the Counterclaims.

9    187.   ELI denies the allegations of paragraph 187 of the Counterclaims.

10   188.   ELI denies the allegations of paragraph 188 of the Counterclaims.

11   189.   ELI admits that the referenced documents speak for themselves, but

12   otherwise denies the allegations of this paragraph.

13   190.   ELI denies the allegations of paragraph 190 of the Counterclaims.

14   191.   ELI admits that the referenced documents speak for themselves, but

15   otherwise denies the allegations of this paragraph.

16   192.   ELI denies the allegations of paragraph 192 of the Counterclaims.

17   193.   ELI admits that the referenced documents speak for themselves, but

18   otherwise denies the allegations of this paragraph.

19   194.   ELI admits that the referenced documents speak for themselves, but

20   otherwise denies the allegations of this paragraph.

21   195.   ELI admits that the referenced documents speak for themselves, but

22   otherwise denies the allegations of this paragraph.

23   196.   ELI denies the allegations of paragraph 196 of the Counterclaims.

24   197.   ELI denies the allegations of paragraph 197 of the Counterclaims.

25   **V.    Corcoran's Termination of the SoCal Franchise Agreement and**

26   **Demand for Compliance with the Exclusive SoCal Security Agreement.**

27   198.   ELI admits that the referenced documents speak for themselves, but

28   otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

199.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

200.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

201.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

202.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

203.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

204.   ELI denies the allegations of paragraph 204 of the Counterclaims.

205.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

206.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

207.   ELI denies the allegations of paragraph 207 of the Counterclaims.

208.   ELI denies the allegations of paragraph 208 of the Counterclaims.

209.   ELI denies the allegations of paragraph 209 of the Counterclaims.

210.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

211.   ELI denies the allegations of paragraph 211 of the Counterclaims.

212.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

213.   ELI denies the allegations of paragraph 213 of the Counterclaims.

214.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

215.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4862-4597-9207v3/107283-0001

216.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

217.   ELI denies the allegations of paragraph 217 of the Counterclaims.

218.   ELI denies the allegations of paragraph 218 of the Counterclaims.

**W.     Corcoran's Termination of the Ohio Franchise Agreement and Demand for Compliance with the Exclusive Ohio Security Agreement.**

219.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

220.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

221.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

222.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

223.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

224.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

225.   ELI denies the allegations of paragraph 225 of the Counterclaims.

226.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

227.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

228.   ELI denies the allegations of paragraph 228 of the Counterclaims.

229.   ELI denies the allegations of paragraph 229 of the Counterclaims.

230.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

231.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

232.   ELI denies the allegations of paragraph 232 of the Counterclaims.

233.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

234.   ELI denies the allegations of paragraph 234 of the Counterclaims.

235.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

236.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

237.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

238.   ELI denies the allegations of paragraph 238 of the Counterclaims.

239.   ELI denies the allegations of paragraph 239 of the Counterclaims.

**X.   Corcoran's Termination of the Las Vegas Franchise Agreement and Demand for Compliance with the Exclusive Las Vegas Security Agreement.**

240.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

241.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

242.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

243.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

244.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

245.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

246.   ELI denies the allegations of paragraph 246 of the Counterclaims.

247.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

248.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

249.   ELI denies the allegations of paragraph 249 of the Counterclaims.

250.   ELI denies the allegations of paragraph 250 of the Counterclaims.

251.   ELI denies the allegations of paragraph 251 of the Counterclaims.

252.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

253.   ELI denies the allegations of paragraph 253 of the Counterclaims.

254.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

255.   ELI denies the allegations of paragraph 255 of the Counterclaims.

256.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

257.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

258.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

259.   ELI denies the allegations of paragraph 259 of the Counterclaims.

260.   ELI denies the allegations of paragraph 260 of the Counterclaims.

**Y.**   **Corcoran's Termination of the Tahoe Franchise Agreement.**

261.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

262.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

263.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

264.   ELI admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

## FIRST COUNT

### (Accounting: ELI Realty)

265.   ELI Realty incorporates its responses to the previous paragraphs.

266.   ELI Realty admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

267.   ELI Realty admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

268.   ELI Realty denies the allegations of paragraph 268 of the Counterclaims.

269.   ELI Realty denies the allegations of paragraph 269 of the Counterclaims.

270.   ELI Realty denies the allegations of paragraph 270 of the Counterclaims.

271.   ELI Realty denies the allegations of paragraph 271 of the Counterclaims.

272.   ELI Realty denies the allegations of paragraph 272 of the Counterclaims.

## SECOND COUNT

### (Breach of Contract: ELI Realty Franchise Agreement)

273.   ELI Realty incorporates its responses to the previous paragraphs.

274.   ELI Realty admits that the referenced documents speak for themselves, but otherwise denies the allegations of this paragraph.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1    275.   ELI Realty denies the allegations of paragraph 275 of the

2    Counterclaims.

3    276.   ELI Realty denies the allegations of paragraph 276 of the

4    Counterclaims.

5    277.   ELI Realty denies the allegations of paragraph 277 of the

6    Counterclaims.

7    278.   ELI Realty denies the allegations of paragraph 278 of the

8    Counterclaims.

9    **THIRD COUNT**

10    **(Breach of Contract: Notes)**

11    279.   ELI Realty incorporates its responses to the previous paragraphs.

12    280.   ELI Realty admits that the referenced documents speak for

13    themselves, but otherwise denies the allegations of this paragraph.

14    281.   ELI Realty denies the allegations of paragraph 281 of the

15    Counterclaims.

16    282.   ELI Realty denies the allegations of paragraph 282 of the

17    Counterclaims.

18    283.   ELI Realty denies the allegations of paragraph 283 of the

19    Counterclaims.

20    284.   ELI Realty denies the allegations of paragraph 284 of the

21    Counterclaims.

22    **FOURTH COUNT**

23    **(Breach of Contract: ELI Realty Security Agreement)**

24    285.   ELI Realty incorporates its responses to the previous paragraphs.

25    286.   ELI Realty denies the allegations of paragraph 286 of the

26    Counterclaims.

27    287.   ELI Realty denies the allegations of paragraph 287 of the

28    Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1   288.   ELI Realty denies the allegations of paragraph 288 of the
2   Counterclaims.

3   289.   ELI Realty denies the allegations of paragraph 289 of the
4   Counterclaims.

### FIFTH COUNT

### (Unjust Enrichment: ELI Realty)

7   290.   ELI Realty incorporates its responses to the previous paragraphs.

8   291.   ELI Realty denies the allegations of paragraph 291 of the
9   Counterclaims.

10   292.   ELI Realty denies the allegations of paragraph 292 of the
11   Counterclaims.

12   293.   ELI Realty denies the allegations of paragraph 293 of the
13   Counterclaims.

### SIXTH COUNT

### (Breach of Contract: ELI Realty Guaranty)

16   294.   Michael Mahon and MRM Investments incorporate their responses to
17   the previous paragraphs.

18   295.   Mahon and MRM admit that the referenced documents speak for
19   themselves, but otherwise deny the allegations of this paragraph.

20   296.   Mahon and MRM deny the allegations of paragraph 296 of the
21   Counterclaims.

22   297.   Mahon and MRM deny the allegations of paragraph 297 of the
23   Counterclaims.

24   298.   Mahon and MRM deny the allegations of paragraph 298 of the
25   Counterclaims.

### SEVENTH COUNT

### (Tortious Interference: Michael Mahon)

28   299.   Michael Mahon incorporates his response to the previous paragraphs.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-20-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

300. Mahon denies the allegations of paragraph 300 of the Counterclaims.

301. Mahon denies the allegations of paragraph 301 of the Counterclaims.

302. Mahon denies the allegations of paragraph 302 of the Counterclaims.

303. Mahon denies the allegations of paragraph 303 of the Counterclaims.

304. Mahon admits that the referenced documents speak for themselves, but otherwise deny the allegations of this paragraph.

305. Mahon admits that the referenced documents speak for themselves, but otherwise deny the allegations of this paragraph.

306. Mahon denies the allegations of paragraph 306 of the Counterclaims.

307. Mahon denies the allegations of paragraph 307 of the Counterclaims.

308. Mahon denies the allegations of paragraph 308 of the Counterclaims.

309. Mahon denies the allegations of paragraph 309 of the Counterclaims.

310. Mahon denies the allegations of paragraph 310 of the Counterclaims.

311. Mahon denies the allegations of paragraph 311 of the Counterclaims.

312. Mahon denies the allegations of paragraph 312 of the Counterclaims.

313. Mahon denies the allegations of paragraph 313 of the Counterclaims.

314. Mahon denies the allegations of paragraph 314 of the Counterclaims.

315. Mahon denies the allegations of paragraph 315 of the Counterclaims.

## EIGHTH COUNT

### (Enforcement of Security Interests in Accounts Receivables –
### ELI Realty/Libertas)

316. ELI incorporates its response to the previous paragraphs.

317. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

318. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

319. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4862-4597-9207v3/107283-0001

320.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

321.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

322.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

323.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

324.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

## NINTH COUNT

### (Enforcement of Security Interests in Account Receivables – Exclusive SoCal/Libertas)

325.   ELI incorporates its response to the previous paragraphs.

326.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

327.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

328.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

329.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

330.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

331.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

332.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4862-4597-9207v3/107283-0001

333.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

## TENTH COUNT

**(Enforcement of Security Interests in Account Receivables –**

**Exclusive San Francisco/Libertas)**

334.   ELI incorporates its response to the previous paragraphs.

335.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

336.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

337.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

338.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

339.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

340.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

341.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

342.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

## ELEVENTH COUNT

**(Fraudulent Conveyance: Libertas Agreements –**

**Cal. Civ. Code § 3439.04(a)(2))**

343.   ELI incorporates its response to the previous paragraphs.

344.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-23-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

345. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

346. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

347. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

348. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

349. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

## TWELFTH COUNT

### (Fraudulent Conveyance: Libertas Agreements –

### Cal. Civ. Code § 3439.04(a)(1))

350. ELI incorporates its response to the previous paragraphs.

351. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

352. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

## THIRTEENTH COUNT

### (Fraudulent Conveyance: Libertas Agreements –

### Cal. Civ. Code § 3439.05(a))

353. ELI incorporates its response to the previous paragraphs.

354. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

355. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

356. The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-24-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1

**FOURTEENTH COUNT**

2

**(Fraudulent Conveyance: Mortgage Company Transfer –**

3

**Cal. Civ. Code § 3439.04(a)(2))**

4

357.   ELI incorporates its response to the previous paragraphs.

5

358.   The allegations in this cause of action are not directed to ELI. No

6

response to the allegations of this paragraph is therefore required.

7

359.   The allegations in this cause of action are not directed to ELI. No

8

response to the allegations of this paragraph is therefore required.

9

360.   The allegations in this cause of action are not directed to ELI. No

10

response to the allegations of this paragraph is therefore required.

11

361.   The allegations in this cause of action are not directed to ELI. No

12

response to the allegations of this paragraph is therefore required.

13

362.   The allegations in this cause of action are not directed to ELI. No

14

response to the allegations of this paragraph is therefore required.

15

**FIFTEENTH COUNT**

16

**(Fraudulent Conveyance: Mortgage Company Transfer –**

17

**Cal. Civ. Code § 3439.04(a)(1))**

18

363.   ELI incorporates its response to the previous paragraphs.

19

364.   The allegations in this cause of action are not directed to ELI. No

20

response to the allegations of this paragraph is therefore required.

21

365.   The allegations in this cause of action are not directed to ELI. No

22

response to the allegations of this paragraph is therefore required.

23

**SIXTEENTH COUNT**

24

**(Fraudulent Conveyance: Mortgage Company Transfer –**

25

**Cal. Civ. Code § 3439.05(a))**

26

366.   ELI incorporates its response to the previous paragraphs.

27

367.   The allegations in this cause of action are not directed to ELI. No

28

response to the allegations of this paragraph is therefore required.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-25-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

368.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

369.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

**SEVENTEENTH COUNT**

**(Fraudulent Conveyance: Title Company Transfers –**

**Cal. Civ. Code § 3439.04(a)(2))**

370.   ELI incorporates its response to the previous paragraphs.

371.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

372.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

373.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

374.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

375.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

**EIGTHTEENTH COUNT**

**(Fraudulent Conveyance: Title Company Transfers –**

**Cal. Civ. Code § 3439.04(a)(1))**

376.   ELI incorporates its response to the previous paragraphs.

377.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

378.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-26-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

**NINETEENTH COUNT**

**(Fraudulent Conveyance: Title Company Transfers –**

**Cal. Civ. Code § 3439.05(a))**

379.   ELI incorporates its response to the previous paragraphs.

380.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

381.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

382.   The allegations in this cause of action are not directed to ELI. No response to the allegations of this paragraph is therefore required.

**TWENTIETH COUNT**

**(Fraudulent Conveyance: Insider Transfers – Cal. Civ. Code § 3439.04(a)(2))**

383.   ELI incorporates its response to the previous paragraphs.

384.   Mahon denies the allegations of paragraph 384 of the Counterclaims.

385.   Mahon denies the allegations of paragraph 385 of the Counterclaims.

386.   Mahon denies the allegations of paragraph 386 of the Counterclaims.

387.   Mahon denies the allegations of paragraph 387 of the Counterclaims.

**TWENTY-FIRST COUNT**

**(Fraudulent Conveyance: Insider Transfers – Cal. Civ. Code § 3439.04(a)(1))**

388.   ELI incorporates its response to the previous paragraphs.

389.   Mahon denies the allegations of paragraph 389 of the Counterclaims.

390.   Mahon denies the allegations of paragraph 390 of the Counterclaims.

**TWENTY-SECOND COUNT**

**(Fraudulent Conveyance: Insider Transfers – Cal. Civ. Code § 3439.05(a))**

391.   ELI incorporates its response to the previous paragraphs.

392.   Mahon denies the allegations of paragraph 392 of the Counterclaims.

393.   Mahon denies the allegations of paragraph 393 of the Counterclaims.

394.   Mahon denies the allegations of paragraph 394 of the Counterclaims.

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4862-4597-9207v3/107283-0001

## TWENTY-THIRD COUNT

### (Constructive Trust)

395.   ELI incorporates its response to the previous paragraphs.

396.   ELI Realty and Mahon deny the allegations of paragraph 396 of the Counterclaims.

397.   ELI Realty and Mahon deny the allegations of paragraph 397 of the Counterclaims.

398.   ELI Realty and Mahon deny the allegations of paragraph 398 of the Counterclaims.

399.   ELI Realty and Mahon deny the allegations of paragraph 399 of the Counterclaims.

## TWENTY-FOURTH COUNT

### (Accounting – Exclusive San Francisco)

400.   ELI incorporates its response to the previous paragraphs.

401.   ELSF admits the referenced document speaks for itself, but otherwise denies the allegations of paragraph 401 of the Counterclaims.

402.   ELSF admits the referenced document speaks for itself, but otherwise denies the allegations of paragraph 401 of the Counterclaims.

403.   ELSF denies the allegations of paragraph 403 of the Counterclaims.

404.   ELSF denies the allegations of paragraph 404 of the Counterclaims.

405.   ELSF denies the allegations of paragraph 405 of the Counterclaims.

406.   ELSF denies the allegations of paragraph 406 of the Counterclaims.

407.   ELSF denies the allegations of paragraph 407 of the Counterclaims.

## TWENTY-FIFTH COUNT

### (Breach of Contract: San Francisco Franchise Agreement)

408.   ELI incorporates its response to the previous paragraphs.

409.   ELSF admits the referenced document speaks for itself, but otherwise denies the allegations of paragraph 409 of the Counterclaims.

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4862-4597-9207v3/107283-0001

410.   ELSF denies the allegations of paragraph 410 of the Counterclaims.

411.   ELSF denies the allegations of paragraph 411 of the Counterclaims.

412.   ELSF denies the allegations of paragraph 412 of the Counterclaims.

413.   ELSF denies the allegations of paragraph 413 of the Counterclaims.

## TWENTY-SIXTH COUNT

### (Unjust Enrichment – Exclusive San Francisco)

414.   ELI incorporates its response to the previous paragraphs.

415.   ELSF denies the allegations of paragraph 415 of the Counterclaims..

416.   ELSF denies the allegations of paragraph 416 of the Counterclaims.

417.   ELSF denies the allegations of paragraph 417 of the Counterclaims.

## TWENTY-SEVENTH COUNT

### (Breach of Contract: Exclusive San Francisco Security Agreement)

418.   ELI incorporates its response to the previous paragraphs.

419.   ELSF denies the allegations of paragraph 419 of the Counterclaims.

420.   ELSF denies the allegations of paragraph 420 of the Counterclaims.

421.   ELSF denies the allegations of paragraph 421 of the Counterclaims.

422.   ELSF denies the allegations of paragraph 422 of the Counterclaims.

## TWENTY-EIGHTH COUNT

### (Beach of Contract: San Francisco Guaranty)

423.   ELI incorporates its response to the previous paragraphs.

424.   Mahon and MRM admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 424 of the Counterclaims.

425.   Mahon and MRM deny the allegations of paragraph 425 of the Counterclaims.

426.   Mahon and MRM deny the allegations of paragraph 426 of the Counterclaims.

427.   Mahon and MRM deny the allegations of paragraph 427 of the Counterclaims.

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4862-4597-9207v3/107283-0001

## TWENTY-NINTH COUNT

### (Accounting: Exclusive SoCal)

428.  ELI incorporates its response to the previous paragraphs.

429.  ELSC admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 429 of the Counterclaims.

430.  ELSC admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 430 of the Counterclaims.

431.  ELSC denies the allegations of paragraph 431 of the Counterclaims.

432.  ELSC denies the allegations of paragraph 432 of the Counterclaims.

433.  ELSC denies the allegations of paragraph 433 of the Counterclaims.

434.  ELSC denies the allegations of paragraph 434 of the Counterclaims.

435.  ELSC denies the allegations of paragraph 435 of the Counterclaims.

## THIRTIETH COUNT

### (Breach of Contract: SoCal Franchise Agreement)

436.  ELI incorporates its response to the previous paragraphs.

437.  ELSC admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 437 of the Counterclaims.

438.  ELSC denies the allegations of paragraph 438 of the Counterclaims.

439.  ELSC denies the allegations of paragraph 439 of the Counterclaims.

440.  ELSC denies the allegations of paragraph 440 of the Counterclaims.

441.  ELSC denies the allegations of paragraph 441 of the Counterclaims.

## THIRTY-FIRST COUNT

### (Unjust Enrichment: Exclusive SoCal)

442.  ELI incorporates its response to the previous paragraphs.

443.  ELSC denies the allegations of paragraph 443 of the Counterclaims.

444.  ELSC denies the allegations of paragraph 444 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-30-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

445.   ELSC denies the allegations of paragraph 445 of the Counterclaims.

## THIRTY-SECOND COUNT

### (Breach of Contract: Exclusive SoCal Security Agreement)

446.   ELI incorporates its response to the previous paragraphs.

447.   ELSC denies the allegations of paragraph 447 of the Counterclaims.

448.   ELSC denies the allegations of paragraph 448 of the Counterclaims.

449.   ELSC denies the allegations of paragraph 449 of the Counterclaims.

450.   ELSC denies the allegations of paragraph 450 of the Counterclaims

## THIRTY-THIRD COUNT

### (Breach of Contract: SoCal Guaranty)

451.   ELI incorporates its response to the previous paragraphs.

452.   Mahon and MRM admit that the referenced document speaks for itself, but otherwise deny the allegations of paragraph 452 of the Counterclaims.

453.   Mahon and MRM deny the allegations of paragraph 453 of the Counterclaims.

454.   Mahon and MRM deny the allegations of paragraph 454 of the Counterclaims.

455.   Mahon and MRM deny the allegations of paragraph 455 of the Counterclaims.

## THIRTY-FOURTH COUNT

### (Accounting: Exclusive Ohio)

456.   ELI incorporates its response to the previous paragraphs.

457.   ELO admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 457 of the Counterclaims

458.   ELO admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 458 of the Counterclaims.

459.   ELO denies the allegations of paragraph 459 of the Counterclaims.

460.   ELO denies the allegations of paragraph 460 of the Counterclaims.

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

461.  ELO denies the allegations of paragraph 461 of the Counterclaims.

462.  ELO denies the allegations of paragraph 462 of the Counterclaims.

463.  ELO denies the allegations of paragraph 463 of the Counterclaims.

**THIRTY-FIFTH COUNT**

**(Breach of Contract: Ohio Franchise Agreement)**

464.  ELI incorporates its response to the previous paragraphs.

465.  ELO admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 465 of the Counterclaims.

466.  ELO denies the allegations of paragraph 466 of the Counterclaims.

467.  ELO denies the allegations of paragraph 467 of the Counterclaims.

468.  ELO denies the allegations of paragraph 468 of the Counterclaims.

469.  ELO denies the allegations of paragraph 469 of the Counterclaims.

**THIRTY-SIXTH COUNT**

**(Unjust Enrichment: Exclusive Ohio)**

470.  ELI incorporates its response to the previous paragraphs.

471.  ELO denies the allegations of paragraph 471 of the Counterclaims.

472.  ELO denies the allegations of paragraph 472 of the Counterclaims.

473.  ELO denies the allegations of paragraph 473 of the Counterclaims.

**THIRTY-SEVENTH COUNT**

**(Breach of Contract: Exclusive Ohio Security Agreement)**

474.  ELI incorporates its response to the previous paragraphs.

475.  ELO denies the allegations of paragraph 475 of the Counterclaims.

476.  ELO denies the allegations of paragraph 476 of the Counterclaims.

477.  ELO denies the allegations of paragraph 477 of the Counterclaims.

**THIRTY-EIGHTH COUNT**

**(Breach of Contract: Ohio Guaranty)**

478.  ELI incorporates its response to the previous paragraphs.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-32-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

479.   Mahon and MRM admit that the referenced document speaks for itself, but otherwise deny the allegations of paragraph 479 of the Counterclaims.

480.   Mahon and MRM deny the allegations of paragraph 480 of the Counterclaims.

481.   Mahon and MRM deny the allegations of paragraph 481 of the Counterclaims.

482.   Mahon and MRM deny the allegations of paragraph 482 of the Counterclaims.

## THIRTY-NINTH COUNT

### (Accounting: Exclusive Las Vegas)

483.   ELI incorporates its response to the previous paragraphs.

484.   ELLV admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 484 of the Counterclaims.

485.   ELLV admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 485 of the Counterclaims.

486.   ELLV denies the allegations of paragraph 486 of the Counterclaims.

487.   ELLV denies the allegations of paragraph 487 of the Counterclaims.

488.   ELLV denies the allegations of paragraph 488 of the Counterclaims.

489.   ELLV denies the allegations of paragraph 489 of the Counterclaims.

490.   ELLV denies the allegations of paragraph 490 of the Counterclaims.

## FORTIETH COUNT

### (Breach of Contract: Las Vegas Franchise Agreement)

491.   ELI incorporates its response to the previous paragraphs.

492.   ELLV admits that the referenced document speaks for itself, but otherwise denies the allegations of paragraph 492 of the Counterclaims

493.   ELLV denies the allegations of paragraph 493 of the Counterclaims.

494.   ELLV denies the allegations of paragraph 494 of the Counterclaims..

495.   ELLV denies the allegations of paragraph 495 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

1    496.   ELLV denies the allegations of paragraph 496 of the Counterclaims.

2    **FORTY-FIRST COUNT**

3    **(Unjust Enrichment: Exclusive Las Vegas)**

4    497.   ELI incorporates its response to the previous paragraphs.

5    498.   ELLV denies the allegations of paragraph 498 of the Counterclaims.

6    499.   ELLV denies the allegations of paragraph 499 of the Counterclaims.

7    500.   ELLV denies the allegations of paragraph 500 of the Counterclaims.

8    **FORTY-SECOND COUNT**

9    **(Breach of Contract: Exclusive Las Vegas Security Agreement)**

10   501.   ELI incorporates its response to the previous paragraphs.

11   502.   ELLV denies the allegations of paragraph 502 of the Counterclaims.

12   503.   ELLV denies the allegations of paragraph 503 of the Counterclaims.

13   504.   ELLV denies the allegations of paragraph 504 of the Counterclaims.

14   **FORTY-THIRD COUNT**

15   **(Breach of Contract: Las Vegas Guaranty)**

16   505.   ELI incorporates its response to the previous paragraphs.

17   506.   Mahon and MRM admit that the referenced document speaks for

18   itself, but otherwise deny the allegations of paragraph 506 of the Counterclaims.

19   507.   Mahon and MRM deny the allegations of paragraph 507 of the

20   Counterclaims.

21   508.   Mahon and MRM deny the allegations of paragraph 508 of the

22   Counterclaims.

23   509.   Mahon and MRM deny the allegations of paragraph 509 of the

24   Counterclaims.

25   **FORTY-FOURTH COUNT**

26   **(Accounting: Exclusive Tahoe)**

27   510.   ELI incorporates its response to the previous paragraphs.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-34-
ELI'S ANSWER TO AMENDED COUNTERCLAIMS
4862-4597-9207v3/107283-0001

511.   ELLV and ELT admit that the referenced document speaks for itself, but otherwise deny the allegations of paragraph 511 of the Counterclaims.

512.   ELLV and ELT deny the allegations of paragraph 512 of the Counterclaims.

513.   ELLV and ELT admit that the referenced document speaks for itself, but otherwise deny the allegations of paragraph 511 of the Counterclaims.

514.   ELLV and ELT admit that the referenced document speaks for itself, but otherwise deny the allegations of paragraph 511 of the Counterclaims.

## FORTY-FIFTH COUNT

### (Breach of Contract: Tahoe Franchise Agreement)

515.   ELI incorporates its response to the previous paragraphs.

516.   ELLV and ELT deny the allegations of paragraph 516 of the Counterclaims.

517.   ELLV and ELT deny the allegations of paragraph 517 of the Counterclaims.

518.   ELLV and ELT deny the allegations of paragraph 518 of the Counterclaims.

## FORTY-SIXTH COUNT

### (Breach of Contract: Tahoe Guaranty)

519.   ELI incorporates its response to the previous paragraphs.

520.   Mahon and MRM admit that the referenced document speaks for itself, but otherwise deny the allegations of paragraph 520 of the Counterclaims.

521.   Mahon and MRM deny the allegations of paragraph 521 of the Counterclaims.

522.   Mahon and MRM deny the allegations of paragraph 522 of the Counterclaims.

523.   Mahon and MRM deny the allegations of paragraph 523 of the Counterclaims.

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FORTY-SEVENTH COUNT**

**(Lanham Act: Former Franchisees)**

524.   ELI incorporates its response to the previous paragraphs.

525.   The statute speaks for itself.

526.   ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 526 of the Counterclaims.

527.   The statute speaks for itself.

528.   ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 528 of the Counterclaims.

529.   The statute speaks for itself.

530.   ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 530 of the Counterclaims.

531.   ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 531 of the Counterclaims.

532.   ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 532 of the Counterclaims.

533.   ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 533 of the Counterclaims.

**FORTY-EIGHTH COUNT**

**(Common Law Unfair Competition)**

534.   ELI incorporates its response to the previous paragraphs.

535.   ELI Realty, ELSC, ELSF, ELLV, and ELO lack sufficient information and therefore deny the allegations of this paragraph.

536.   ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 536 of the Counterclaims.

537.   ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 537 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-36-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

538.  ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 538 of the Counterclaims.

539.  ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 539 of the Counterclaims.

540.  ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 540 of the Counterclaims.

### FORTY-NINTH COUNT

### (Cybersquatting)

541.  ELI incorporates its response to the previous paragraphs.

542.  ELI Realty, ELSC, ELSF, ELLV, and ELO admit that the referenced documents speak for themselves, but otherwise deny the allegations of paragraph 542 of the Counterclaims.

543.  ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 543 of the Counterclaims.

544.  The statute speaks for itself.

545.  The statute speaks for itself.

546.  ELI Realty, ELSC, ELSF, ELLV, and ELO deny the allegations of paragraph 546 of the Counterclaims.

### FIFTIETH COUNT

### (Aiding and Abetting)

547.  ELI incorporates its response to the previous paragraphs.

548.  Mahon denies the allegations of paragraph 548 of the Counterclaims.

549.  Mahon denies the allegations of paragraph 549 of the Counterclaims.

550.  Mahon admits that the referenced documents speak for themselves, but otherwise denies the allegations of paragraph 550 of the Counterclaims. Mahon denies the allegations of paragraph 551 of the Counterclaims.

551.  Mahon denies the allegations of paragraph 552 of the Counterclaims.

552.  Mahon denies the allegations of paragraph 553 of the Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-37-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

553.   Mahon denies the allegations of paragraph 554 of the Counterclaims.

554.   Mahon denies the allegations of paragraph 555 of the Counterclaims.

555.   Mahon denies the allegations of paragraph 556 of the Counterclaims.

556.   Mahon denies the allegations of paragraph 557 of the Counterclaims.

## FIFTY-FIRST COUNT

### (Breach of Fiduciary Duty – Michael Mahon)

557.   ELI incorporates its response to the previous paragraphs.

558.   Mahon denies the allegations of paragraph 559 of the Counterclaims.

559.   Mahon denies the allegations of paragraph 560 of the Counterclaims.

560.   Mahon denies the allegations of paragraph 561 of the Counterclaims.

561.   Mahon denies the allegations of paragraph 562 of the Counterclaims.

## ANSWER TO PRAYER FOR RELIEF

ELI denies that Corcoran is entitled to any of the relief requested against ELI in the Counterclaims, or any other relief of any kind. Wherefore, ELI prays for judgment as follows: (i) that Corcoran takes nothing by its Counterclaims; (ii) that ELI be awarded judgment in its favor and against Corcoran; (iii) for ELI's costs of suit incurred herein; and (iv) for such other and further relief as this Court may deem just and proper, including, but not limited to, attorneys' fees and costs in accordance with applicable law.

## ELI'S AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of ELI, and without admitting that Counterclaimant has suffered any loss, damage, or injury, ELI alleges the following affirmative defenses to the Counterclaims. By designating the following as affirmative defenses, ELI does not in any way waive or limit any defenses which are or may be raised by their denial, allegations, and averments set forth herein. Certain affirmative defenses are asserted for completeness and refer to facts and proof which also negate required elements of Counterclaimant's claims, and by raising such defenses ELI does not admit that Counterclaimant does

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-38-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1   not have the burden of proof and/or the burden of persuasion for any or all facts

2   underlying any of those defenses or suggest that Counterclaimant is not required to

3   carry the burden as to such elements.

4          These defenses are pled in the alternative, are raised to preserve the rights of

5   ELI to assert such defenses, and are without prejudice to ELI's ability to raise other

6   and further defenses.  ELI expressly reserves all rights to reevaluate their defenses

7   and/or assert additional defenses upon discovery and review of additional

8   documents and information, upon the development of other pertinent facts, and

9   during pretrial proceedings in this action.  ELI expressly incorporates all

10  allegations of the Answer as if fully set forth in each of the following affirmative

11  defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

14      1.      The Counterclaims, and each cause of action asserted therein against

15  Counter-defendant, fails to set forth facts sufficient to constitute a cause of action

16  against Counter-defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

19      2.      Counterclaimant's claims and/or recovery are barred, in whole or in

20  part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver / Release)

23      3.      Counterclaimant's claims and/or recovery are barred, in whole or in

24  part, because Counterclaimant, by its acts, omissions, and/or conduct, has waived

25  and/or released its rights, if any, to pursue the claims set forth in the Complaint.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-39-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.      Counterclaimant's claims and/or recovery are barred, in whole or in part, or must be diminished, because Counterclaimant failed to mitigate, minimize, or attempt to avoid damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6.      The Counterclaims are barred by the doctrine of avoidable consequences.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      Counterclaimant's claims and/or recovery are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8.      Counterclaimant's claims are barred, in whole or in part, because Counterclaimant at all times gave its consent, express or implied, to any and all acts, omissions, and conduct as alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver/Release)

9.      The Counterclaims are barred, in whole or in part, because Counterclaimant, by its acts, omissions, and/or conduct, has waived and/or released its rights, if any, to pursue the claims set forth in the Complaint.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-40-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Fault / Contribution)

10.     The Counterclaims are barred, in whole or to the extent that Counterclaimant's damages, if any, resulted from Counterclaimant's own conduct, including the negligence, omissions, lack of diligence, failure to investigate, and breaches by Counterclaimant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.     The Counterclaims are barred, in whole or in part, by the applicable statutes of limitation.

## TWELFTH AFFIRMATIVE DEFENSE

### (Superseding Acts)

12.     The Counterclaims are barred, in whole or in part, because the injuries and damages alleged were proximately caused by and/or were contributed to by Counterclaimant's own acts or failures to act and that Counterclaimant's recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

13.     The Counterclaims are barred, in whole or in part, because Counterclaimant ratified ELI's acts, conduct, and omissions such that Counterclaimant is barred from seeking any relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

14.     The Counterclaims are barred, in whole or in part, because Counterclaimant would be unjustly enriched if allowed to recover on the Complaint.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-41-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Bad Faith by Counterclaimant)

3  15.   The Counterclaims are barred, in whole or in part, because

4  Counterclaimant failed to act in good faith with respect to the acts and omissions

5  alleged therein.

6

## ADDITIONAL DEFENSES

7  16.   ELI reserves the right to supplement this Answer and to assert

8  additional affirmative defenses as additional facts are learned in the course of

9  discovery.

10

## DEMAND FOR JURY TRIAL

11  ELI respectfully demands a trial by jury of all causes of action so triable.

12

13

## THIRD PARTY DEFENDANTS' MICHAEL MAHON,

14  ## PAMELA MAHON, AND MRM INVESTMENTS, LLC'S

15  ## COUNTERCLAIMS AGAINST THIRD PARTY COUNTERCLAIM

16  ## DEFENDANT CORCORAN GROUP, LLC

17  Third Party Defendants and Third Party Counterclaimants Michael Mahon,

18  Pamela Mahon and MRM Investments LLC  ("Counterclaimants") hereby allege

19  as follows:

20

### The Parties

21  1.   Counterclaimant Michael Mahon is an individual and a citizen of the

22  State of California, residing at 26 Panorama, Trabuco, California 92679.

23  2.   Counterclaimant Pamela Mahon is an individual and a citizen of the

24  State of California, residing at 26 Panorama, Trabuco, California 92679.

25  3.   Counterclaimant MRM Investments LLC is a limited liability

26  company organized and existing under the laws of the State of Nevada.  Michael

27  Mahon is the sole member of MRM Investments LLC.

28  4.   Third Party Counterclaim Defendant Corcoran Group LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-42-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

("Corcoran Group") is a Delaware limited liability company with its principal place of business in Madison, New Jersey.

### Jurisdiction And Venue

5.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs/Counterclaimants and Defendant.

6.    This Court has personal jurisdiction over Corcoran Group because, as more fully alleged herein, Corcoran Group entered into contracts with Plaintiffs to perform services in California and thus purposefully directed its business activities to California, as more fully alleged herein. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### Corcoran and the Franchise Agreements

7.    Corcoran Group was originally formed on October 1, 2015 to operate as a subsidiary of Realogy Group and Realogy Holdings, which operate a number of real estate franchise systems, including Century 21, Coldwell Banker and Sotheby's International Realty.  Corcoran Group began offering franchises for real estate brokerage offices in January 2019.

8.    In late 2019 and early 2020, Michael Mahon and Plaintiffs ELI Realty Investments, LLC, Exclusive Lifestyles SoCal, LLC, Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles Ohio, LLC, and Exclusive Lifestyles Las Vegas, LLC (the "Plaintiffs") were in discussions with Christies International Real Estate, a competitor of the Corcoran Group, to start a Christies franchise.  In late 2019 and early 2020, Corcoran Group, induced Mahon and ELI Realty to enter instead into franchise agreements with the Corcoran Group.

9.    Specifically, Corcoran provided to Mahon and Plaintiffs on or about October 9, 2019 Corcoran Group's Franchise Disclosure Document (FDD), which

-43-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

included the form of, and was later incorporated into, the franchise agreements ultimately signed by Plaintiffs in reliance on the representations alleged herein. The FDD and franchise agreements also incorporate Corcoran Group's Policy and Procedures Manual (P&P Manual).  The Franchise Agreements with the Plaintiffs, including the incorporated FDD and the P&P Manual are collectively referred to as the Franchise Documents.

10.     Corcoran Group represented, including in the Franchise Documents, that Corcoran Group had developed fully functioning technology systems, including a system known as DASH that would allow Plaintiffs to transmit required listing information and transaction reporting information and other relevant reporting data via the internet, and that would generate accurate information regarding Royalty Fees to be paid by franchisees.  Corcoran's DASH system was not fully functional as represented, causing major disruptions to Plaintiffs' businesses and the repeated and uncured Royalty Fee overpayments alleged herein.  The Franchise Documents required Plaintiffs to use the deficient DASH system.

11.     Corcoran Group represented, including in the Franchise Documents, that corcoran.com was capable of serving as Mahon and Plaintiffs' primary website presence, including for MLS listings.  Contrary to Corcoran's representations, corcoran.com was deficient in many respects, for many months after Mahon entered into the Franchise Agreements, including without limitation:

- corcoran.com was non-compliant with state real estate guidelines for how listings and agents should appear online on (missing DRE numbers and MLS IDs)
- corcoran.com was missing MLS feeds for many months
- corcoran.com was incapable of presenting Plaintiffs' business as a whole their leadership with correct structure and titles, or other local/regional-level services

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-44-
ELI'S ANSWER TO AMENDED COUNTERCLAIMS
4862-4597-9207v3/107283-0001

12. The Franchise Documents required Corcoran Group to provide marketing support to Plaintiffs, and Corcoran Group represented that it had the capabilities to provide this support, including without limitation implementation of a Launch Advertising Plan.  Contrary to Corcoran's representations, Corcoran Group lacked these capabilities, including a grossly deficient presentations tool, inadequate, non-compliant and/or unusable templates, inability and/or unwillingness of Corcoran Group's marketing personnel to provide support or approval.

13. The Franchise Documents required Corcoran Group to provide training to each of Plaintiffs within one year of executing their Franchise Agreements.  This included at least two hours of training in each of the following areas:  Brand Introduction, Digital Overview, Using Tools and Systems, Marketing, Recruiting, and Learning and Development.  The failure of Corcoran Group to provide the required training greatly exacerbated the deficiencies in DASH, corcoran.com and Corcoran Group's marketing capabilities.

14. In reliance on Corcoran Group's representations and promises, on or about January 19, 2020, ELI Realty entered into a Franchise Agreement with Corcoran Group to operate a real estate brokerage businesses in the Reno, Nevada geographic market (including the counties of Placer, El Dorado, Amador, Nevada, Sierra, and Alpine in California, and the Counties of Washoe, Lyon, Storey, and Douglas in Nevada), as well as the San Francisco geographic market (the "Mahon Contract").

15. In further reliance on Corcoran Group's representations and promises, on or about January 23, 2020, Plaintiff Exclusive Lifestyles San Francisco, which Mahon is a member of, entered into a separate Franchise Agreement with Corcoran Group to operate a real estate brokerage businesses in the San Francisco geographic market (the "Exclusive Lifestyles SF Contract").

16. As a further inducement for Mahon to have Exclusive Lifestyles San

-45-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4862-4597-9207v3/107283-0001

Francisco become the first franchisee of Corcoran Group, Corcoran Group offered to fund the acquisition and transition costs incurred in bringing in merger/acquisition candidates to join the  group of franchisees and form additional Corcoran franchises.  Specifically, Corcoran Group offered Conversion Promissory Notes ("CPNs"), to be funded upon the close of each new franchise agreement. Corcoran Group represented to Plaintiffs that the CPNs were not loans, but a forgivable upfront rebate of franchise fees that would be earned annually over the term of the franchise agreements.

17.     But in order to receive the annual forgiveness of CPN obligations and to continue to receive further CPN funding, Plaintiffs were required to keep their franchise fees current and to ensure that commission income from the franchises maintained thresholds and trending consistent with inception commission income as franchises were added to the ELI Realty franchise group.  After inducing Plaintiffs to repeatedly increase the CPN funding, the Corcoran Group engaged in several unfair, unlawful and/or fraudulent acts that interfered with Plaintiffs' ability to comply with the terms of the CPNs, including by unfairly calculating commission income in a way that prevented Plaintiffs from maintaining the trending required to receive annual forgiveness credit against the CPNs.

18.     By representing that the CPN's are not loans, but rather an advancement of rebated franchise fees forgivable over the committed term of the franchise agreement, on information and belief, Corcoran Group purported to avoid legal requirements regarding usury rates and loan payment and default rights in favor of franchisees.  Yet Corcoran Group or its affiliates filed UCC documentation as is customary with loans in order to secure its CPN rights against the franchisee operations. Thereafter, Corcoran used the threat of acceleration of CPN notes, as well as issuance of further CPN notes to fund growth, as mechanisms to coerce concessions from Mahon and Plaintiffs in connection with their rights under the Franchise Documents, and to favor and protect franchises

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-46-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1 owned or controlled by the Corcoran Group or its affiliates.

2      19.    In further reliance on Corcoran Group's representations and promises,
3 and based on the inducements by Corcoran Group to produce additional revenue to
4 reduce indebtedness on the Conversion Promissory Notes, on or about September
5 11, 2020, Plaintiff Exclusive Lifestyles SoCal, entered into a separate Franchise
6 Agreement with Corcoran Group to operate a real estate brokerage businesses in
7 Southern California geographic markets, ultimately including the San Diego
8 Geographic Market, the LA Geographic Market, Riverside Geographic Market,
9 San Bernardino Geographic Market, and Orange County Geographic Market (the
10 "Exclusive Lifestyles SoCal Contract").

11      20.    In further reliance on Corcoran Group's representations and promises,
12 and based on the inducements by Corcoran Group to produce additional revenue to
13 reduce indebtedness on the Conversion Promissory Notes, on or about June 23,
14 2021, Exclusive Lifestyles Las Vegas, LLC entered into a separate Franchise
15 Agreement with Corcoran Group to operate a real estate brokerage businesses in
16 the Las Vegas geographic market (the "Exclusive Lifestyles LV Contract").

17      21.    In further reliance on Corcoran Group's representations and promises,
18 and based on the inducements by Corcoran Group to produce additional revenue to
19 reduce indebtedness on the Conversion Promissory Notes, on or about October 22,
20 2021, Exclusive Lifestyles Ohio entered into a separate Franchise Agreement with
21 Corcoran Group to operate a real estate brokerage businesses in the Columbus,
22 Ohio geographic market (the "Exclusive Lifestyles Ohio Contract").  The ELI
23 Realty Investments Contract, the Exclusive Lifestyles SF Contract, the Exclusive
24 Lifestyles SoCal Contract, the Exclusive Lifestyles LV Contract the Exclusive
25 Lifestyles Ohio Contract, together with the FDD and P&P Manual incorporated
26 therein are collectively referred to herein as the "Franchise Agreements."

27      22.    In further reliance on Corcoran Group's representations and promises
28 and conduct herein, Counterclaimants entered into certain Guaranties of Payment

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-47-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

1   and Performance as alleged in paragraphs 45, 71, 76, 82, 87 and 95 of the

2   COUNTERCLAIMS, AND THIRD PARTY COMPLAINT OF CORCORAN

3   GROUP LLC (Dkt. 85) purporting to guaranty the franchisees obligations under

4   the Franchise Agreements (collectively, the "Guaranties").

5        23.    Among other things, the Franchise Agreements required Corcoran

6   Group to accurately calculate Royalty Fees due from Plaintiffs based on

7   information provided through Corcoran's DASH system.

8        24.    Plaintiffs diligently performed their obligations under the respective

9   Franchise Agreements starting in 2020, earning Gross Revenue in the total amount

10  of $86,718,568 for all transactions occurring in the 2020 calendar year (the "2020

11  GCI").

12       25.    Michael Mahon and Plaintiffs have paid Corcoran Group a total of

13  $2,772,913 in Royalty Fees for transactions that closed during the 2020 calendar

14  year.  In early 2021, Mahon and Plaintiffs learned that the amount of Royalty Fees

15  they paid to the Corcoran Group were significantly more than they owed under the

16  Franchise Agreements.

17       26.    The parties determined that there was an integration issue between the

18  Plaintiffs' data system and Corcoran Group's DASH system caused by the DASH

19  system's API.  The deficient DASH API caused transactions to be duplicated

20  (sometimes, multiple times), resulting in Corcoran Group reporting that Plaintiffs

21  owed Royalty Fees for certain properties even though the Royalty Fee for such

22  subject properties had already been paid.

23       27.    Throughout 2021 and early 2022, Mahon and Plaintiffs attempted to

24  get Corcoran Group to cooperate in fixing the errors and calculating and refunding

25  the specific amount of overpayment of Royalty Fees.  In a good faith attempt to

26  assist Corcoran Group in solving the underlying problem and calculating the

27  amount of the overpayments, Plaintiffs, at their own expense and with Corcoran

28  Group's consent, engaged a CPA to conduct an audit including an analysis of the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

amount of Royalty Fees due and actually paid by Plaintiffs during the 2020 calendar year.

28.     As of March 17, 2022, the audit had determined that Plaintiffs had paid Corcoran Group a total of $2,772,913 in Royalty Fees for transactions that closed during the 2020 calendar year resulting in an overpayment of Royalty Fees in the amount of at least $388,153. On March 17, 2022, Plaintiffs, through their counsel, demanded reimbursement of their overpayment of Royalty Fees, including in the amount of $388,153 for the 2020 calendar year.

29.     As the underlying data problems have not been resolved, Plaintiffs continued to overpay Royalty Fees in 2021 and 2022.  Counterclaimants believe that the total amount of Royalty Fee overpayments to date exceed $1.5 million.

30.     Yet Despite Corcoran Group's knowledge of the overpayments and the cause of the errors, Corcoran Group has failed to correct the problem and has failed and refused to refund the overpayments.

31.     Upon information and belief, Corcoran has also interfered with the contractual relationships between MRM Investment and/or Mahon and/or ELI Realty, and minority shareholders or members in the Franchises.

32.     Upon information and belief, Corcoran told minority shareholders or members that, among other things Mahon and Plaintiffs were in violation of Corcoran's guidelines, were unsupportive, were facing financial concern, were asserting false accusations of interference with franchise agreements, and false statements regarding expansion in the contracted markets.  Upon information and belief, Corcoran made these statements despite knowing that they were false, and with the intent of interfering with Mahon's, MRM Investment's and/or ELI Realty's contractual relationships with the minority shareholders or members.

33.     Upon information and belief, Corcoran intentionally encouraged minority shareholders to disrupt Mahon's, MRM Investment's and/or ELI Realty's performance of obligations under relevant Franchise, shareholder agreements, or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-49-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

operating agreements, or otherwise made their performance more difficult. Mahon, MRM Investment and/or ELI Realty have been damaged by Corcoran's conduct and have been forced to expend significant resources and time to respond to Corcoran's false statements and interference.  Among other things, minority shareholders and members that received the false statements have purported to terminate their shareholder or member operating agreements.  Counterclaimants will seek leave to amend this counterclaim to allege further facts regarding Corcoran's false statements to and interference with minority members and shareholders upon gathering further evidence through discovery.

## COUNT I
## Fraud

34.     Counterclaimants incorporate the allegations of paragraphs 1 through 33 hereinabove as though set forth in full.

35.     In October 2019 through January 2020, Corcoran Group directly and through its agents, including Ryan Schneider, John Peyton, Richard Green, David Cernich, Pam Liebman, Luke Barton, April Kearney and Monique Sofo misrepresented to or concealed from Counterclaimants the following facts:

**a.** Misrepresented that Corcoran Group had developed technology systems that would allow Mahon to transmit required listing information and transaction reporting information and other relevant reporting data via the internet, and that would generate accurate information regarding Royalty Fees to be paid by franchisees.  Corcoran Group concealed from Mahon that its DASH system was not fully functional as represented, causing major disruptions to Mahon and Plaintiffs' businesses and the repeated and uncured Royalty Fee overpayments alleged herein.

**b.** Misrepresented that corcoran.com was capable of serving as Mahon and Plaintiffs' primary website presence, including for MLS listings. Corcoran Group concealed that corcoran.com was deficient in that

-50-

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4862-4597-9207v3/107283-0001

- corcoran.com was non-compliant with state real estate guidelines for how listings and agents should appear online on (missing DRE numbers and MLS IDs)
- corcoran.com was missing MLS feeds, including for many months after Plaintiffs launched their franchises
- corcoran.com was incapable of presenting Plaintiffs' business as a whole their leadership with correct structure and titles, or other local/regional-level services

c. Misrepresented that Corcoran Group had the capabilities to provide marketing support, including without limitation implementation of a Launch Advertising Plan. Corcoran Group concealed that it lacked these capabilities, including a grossly deficient presentations tool, inadequate, non-compliant and/or unusable templates, inability and/or unwillingness of Corcoran Group's marketing personnel to provide support or approval. Corcoran Group further misrepresented that Mahon would qualify as a preferred candidate to receive relocation business from Corcoran's affiliates.

36. Also in January 2020, at the time Corcoran Group entered into the ELI Realty Investments Contract and the Exclusive Lifestyles SF Contract, Corcoran Group promised in a written Conversion Promissory Note that it would forgive the Yearly Principal on the CPN notes if Plaintiff ELI Realty Investments met the "Forgiveness Threshold" and paid the applicable Royalty Fees.

37. Corcoran Group made the same promise in September 2020 at the time of the Exclusive Lifestyles SoCal Contract, as well as in CPNs dated March 15, 2021, August 12, 2021, September 1, 2021, and January 27, 2022.

38. At the time that Corcoran Group made the misrepresentations and false promises alleged herein, it knew them to be false as it had full knowledge of the true facts and intentions, and knew that the concealed facts would be material

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-51-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

to Plaintiffs in entering into the Franchise Agreements and to Counterclaimants in entering into the Guaranties.  With respect to the false promises regarding the CPNs, on information and belief, Corcoran Group never intended to forgive the Yearly Principal over the term of the Franchise Agreements, but rather to manipulate calculation of commission income and engage in other acts that prevented Plaintiffs from achieving the Forgiveness Thresholds, at least according to Corcoran Group.

39.    Corcoran Group intended to induce Counterclaimants to rely on the misrepresentations, concealment and false promises alleged herein by entering into the Guaranties, as Corcoran Group knew that the misrepresented and concealed information and false promises would be important to Counterclaimants in deciding whether to guaranty the franchisees' obligations under the Franchise Documents.

40.    Counterclaimants relied on the misrepresentations, concealment and false promises alleged herein by entering into the Guaranties, and their reliance was justifiable because, among other things, Corcoran Group was affiliated with several other well-established franchise systems and because certain of the misrepresentations were in writing, including in a publicly filed Franchise Disclosure Document.

41.    As a direct and proximate result of Corcoran Group's misrepresentations, concealment and false promises alleged herein, Counterclaimants have been damaged in amount according to proof, but which is believed to be in excess of $2 million.

## COUNT II

## Violation of Cal. Bus. and Prof. Code § 17200

42.    Plaintiffs incorporate the allegations of paragraphs 1 through 41 hereinabove as though set forth in full.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-52-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

43.     Business and Professions Code section 17200 et seq. (the Unfair Competition Law or UCL) prohibits any unlawful, unfair or fraudulent business act or practice.

44.     The acts of Corcoran Group alleged hereinabove were unlawful, unfair or fraudulent business acts or practices, entitling Counterclaimants to an injunction and restitution of an amount according to proof.

45.     In addition to the acts alleged hereinabove, Corcoran Group engaged in additional unlawful, unfair or fraudulent business acts or practices including, without limitation:

   **a.**  Manipulating the amounts forgiven under the CPN's alleged above by miscalculating commission income, including by reliance on what the parties called "doughnut holes" in commission income, notwithstanding the parties' agreement to correct the doughnut-hole issues;

   **b.**  Interfering with Mahon's and/or MRM Investments' efforts to negotiate with additional potential franchisees;

   **c.**  Reneging on its commitment to provide primary status with the Cartus Relocation Network;

   **d.**  Reneging on its commitment to provide funding for expansion in Ohio and Nevada; and

   **e.**  Permitting its affiliate to raid Plaintiffs' Sacramento office by calling the entire roster of Plaintiffs' agents.

46.     The foregoing acts were undertaken with the purpose of forcing Plaintiffs' defaults under the Franchise Documents and Guaranties and/or making concessions by giving up rights under the Franchise Documents, and/or which defaults or concessions if not resisted, would allow Corcoran Group to take over the revenues and good will created by in the Corcoran Group brand.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-53-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001

## JURY DEMAND

Counterclaimants hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimants pray for judgment and relief against Third Party Counterclaim Defendant as follows:

1. For an order rescinding the Guaranties and Franchise Agreements and granting restitution of the benefits conferred to Corcoran Group in connection with the Franchise Agreements, together with an award of consequential damages according to proof.

2. For damages according to proof on Counterclaimants claim for fraud (as an alternative to rescission and restitution);

3. For an injunction and restitution according to proof under the UCL;

4. For an award of attorneys' fees as permitted by law; and

5. For such further relief and permitted by law and equity.

DATED:  January 12, 2023

STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation


By:  */s/ Steven M. Hanle*
Steven M. Hanle
Jason H. Anderson
Ahmad S. Takouche

Attorneys for Plaintiffs, Counterclaim Defendants and Third Party Defendants ELI Realty Investments, LLC; Michael Mahon; Pamela Mahon; MRM Investments, LLC; Matek LLC; AIM High Capital Partners, LLC; Exclusive Lifestyles SoCal, LLC; Exclusive Lifestyles San Francisco, Inc.; Exclusive Lifestyles Ohio, LLC; Exclusive Lifestyles Las Vegas, LLC and Exclusive Lifestyles Tahoe, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-54-

ELI'S ANSWER TO AMENDED COUNTERCLAIMS

4862-4597-9207v3/107283-0001