```
Jonathan P. Hersey (SBN 189240)
Damon M. Pitt (SBN 291473)
K&L GATES LLP
1 Park Plaza
Twelfth Floor
Irvine, CA 92614
Telephone: (949) 253-0900
Facsimile:  (949) 253 0902
Email: damon.pitt@klgates.com

Daniel M. Eliades (Admitted *Pro Hac Vice*)
William L. Waldman (Admitted *Pro Hac Vice*)
K&L GATES LLP
One Newark Center, 10th Floor
Newark, NJ 07102
Telephone: 973.848.4018
Facsimile: 973.848.4001
Email: Daniel.Eliades@klgates.com
Email: william.waldman@klgates.com
```

*Attorneys for Defendant, Counterclaimant, and Third Party Plaintiff, Corcoran Group LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI Realty Investments, LLC, a Nevada limited liability company; Exclusive Lifestyles SoCal, LLC, a California limited liability company; Exclusive Lifestyles San Francisco, Inc., a California corporation; Exclusive Lifestyles Ohio, LLC, an Ohio limited liability company; and Exclusive Lifestyles Las Vegas, LLC, a Nevada limited Liability company,<br><br>Plaintiff,<br><br>v.<br><br>Corcoran Group LLC, a Delaware limited liability company; DOES 1 through 10,<br><br>Defendant.<br><br>Corcoran Group LLC<br><br>Counter claimant and Third Party Plaintiff, | Case No. 8:22-CV-01195-JWH-ADS<br><br>Hon. John W. Holcomb<br><br>**CORCORAN GROUP LLC'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME ON MOTION TO APPOINT RECEIVER**<br><br>Filed concurrently: Memorandum of Points and Authorities; Declaration of Daniel Eliades; [Proposed] Order<br><br>Complaint Filed: June 21, 2022 |

314583604.1

|   |   |
|---|---|
| 1 | v. |
| 2 | ELI Realty Investments, LLC; Michael Mahon; Pamela Mahon; MRM |
| 3 | Investments, LLC; AIM High Capital Partners, LLC; Libertas Funding LLC; |
| 4 | Matek LLC; Exclusive Lifestyles SoCal, LLC; Exclusive Lifestyles San Francisco, |
| 5 | Inc.; Exclusive Lifestyles Ohio, LLC; Exclusive Lifestyles Las Vegas, LLC; |
| 6 | Exclusive Lifestyles Tahoe, LLC; and DOES 1 - 10 |
| 7 |  |
| 8 | Counterclaim and Third Party Defendants. |
| 9 |  |
| 10 | Libertas Funding LLC; Michael Mahon Pamela Mahon, and MRM Investments, LLC, |
| 11 |  |
| 12 | Third Party Counterclaimants, |
| 13 | v. |
| 14 | Corcoran Group, LLC, |
| 15 | Third Party Counterclaim Defendant. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7–19, Fed. R. Civ. P. 6(c) and Local Rule 6–1, Defendant, Counter-Claimant, and Third-Party Plaintiff Corcoran Group, LLC ("Corcoran") will, and hereby does, respectfully submit this *ex parte* Application Requesting the Court Shorten Time for Hearing on Corcoran's Motion for Appointment of a Receivership for Plaintiff/Third Party Defendant, ELI Realty Investments, LLC ("ELI Realty" or the "Receivership Defendant").

This Application is made on the grounds that Corcoran will suffer irreparable harm if the Motion to Appoint a Receiver is heard as a regularly-noticed motion on its current hearing date of March 3, 2023. As set forth in Corcoran's underlying

Motion to Appoint a Receiver (ECF. No. 106), the property at issue is in imminent danger of being lost, concealed, injured, diminished in value, and/or squandered, such that Corcoran will suffer irreparable harm in the absence of the immediate appointment of a receivership. To begin with, current management of ELI Realty have a documented history of injuring, diminishing, squandering, and fraudulently conveying Corcoran's collateral:

- ELI Realty already conveyed (fraudulently) over $1,700,000 of Corcoran's collateral to Libertas pursuant to the Libertas Agreements.[1]
- ELI Realty's own financial records reflect that $600,000 of Corcoran's collateral was transferred to AIM High Capital to fund the Mortgage Company Capital Contribution - for no consideration. Corcoran contends that the amount was $800,000.
- Corcoran asserts that management of ELI Realty transferred an undetermined amount of its collateral to AIM High Capital; comprising the Title Company Transfers.
- The Insider Transfers of over $1,100,000 came from the proceeds of the Corcoran Loans or Corcoran's collateral; as ELI Realty had no unencumbered revenue source.

All indications are that current management of ELI Realty continues to act unlawfully with respect to Corcoran's collateral and that Corcoran's collateral is otherwise in peril:

- Since the date of the Collateral Notices, November 21, 2022, ELI Realty and the JV Franchisees have failed to remit to Corcoran <u>any</u> of Corcoran's collateral or the proceeds thereof. *See* Sapra Declaration at ¶¶152-155. What

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Declaration of Shail Sapra (the "Sapra Declaration") filed in support of this motion.

ELI Realty has done, and continues to do, with Corcoran's collateral is a mystery.

- Despite repeated admonitions from Corcoran, after the date of the Collateral Notices, ELI Realty has utilized, disposed of, conveyed, and/or transferred collateral of Corcoran and the proceeds of collateral of Corcoran without consent of Corcoran – and continues to do so unabated. *Id.* at ¶156-167.

- Michael Mahon has directed JV Franchisees to divert collateral of Corcoran to Bank of San Francisco – even though Bank of San Francisco has no contractual entitlement to payment from any of the JV Franchisees. *Id.*

- The ELI Realty Wind Down Budget projects that, subject to a fall through rate, from December 1, 2022 to February 28, 2023 ELI Realty and the JV Franchisees expected to generate $1,396,570 from the proceed of Corcoran's collateral. *See id.* at ¶¶168-172 and Exhibit 52. Despite demands, ELI Realty has not provided Corcoran with any information or accountings as to the commission income generated since the date of the Collateral Notices (November 21, 2022). *See id.* Moreover, ELI Realty and the JV Franchisees have not informed Corcoran what they have done with the proceeds of Corcoran's collateral. *See id.*

- The Wind Down Budget also states that as of January 15, 2023, ELI Realty and the JV Franchisees expected to have $1,238,217 in combined "Cash in Bank". *See id.* Corcoran has received no information about any bank accounts or balances holding its cash collateral. *See id.*

- The Wind Down Budget projects operating expenses of more than $840,000 to be paid from Corcoran's cash collateral. *See id.* Corcoran never consented to the Wind Down Budget or approved any use of its collateral, or the proceeds thereof, for the expenses in the Wind Down Budget or otherwise. *Id.* Corcoran reserves all rights and claims concerning the unlawful use of its

collateral, including claims against those who have received the proceeds of Corcoran's collateral without its consent.

- ELI Realty is no longer operating, is not a going concern, and is admittedly in wind down mode. The liquidation costs of ELI Realty are being funded by the proceeds of Corcoran's collateral - without the consent of Corcoran. Proceeds of Corcoran's collateral are likely funding plaintiffs' litigation against Corcoran and the avalanche of other lawsuits to which they are a party – over the objection of Corcoran.[2]

The foregoing demonstrates that Corcoran's collateral is in "imminent danger of being lost, concealed, injured, diminished in value or squandered." *Canada Life*, 563 F.3d at 844.

The diminution in value of Corcoran's collateral also results from ELI Realty's certain insolvency. In *N.Y. Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. 287 (E.D. Cal. 1991), the court approved a motion to appoint a receiver, holding the financial strength of the defendants was "at least doubtful," and, given this, it appeared certain to the court that the property's value would be diminished. *Id*. at 293.

ELI Realty is insolvent (and has been for some time).[3] *See* Sapra Declaration at ¶¶ 113-122 and 177-185 as well as Exhibits 28, 29, 30, 31, 32, 50 and 52. ELI Realty is no longer conducting operations and is in wind down mode. ELI Realty is not paying, and has not paid, its obligations as they come due. The value of ELI Realty's assets is worth tens of millions of dollars less than the amount of the claims against ELI Realty.

---

[2] Corcoran reserves all rights and claims against all persons and entities who have received proceeds of Corcoran's collateral without the consent of Corcoran.

[3] A party need not declare bankruptcy to establish its insolvency when substantial evidence exists that the party is or will soon be unable to pay its debts. *California Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Est. Grp.*, 193 Cal. App. 4th at 859–860 ("[J]ust because the [Defendant] had not yet declared bankruptcy is not very probative of whether it was insolvent.").

California state and federal courts consider insolvency or the inability to pay monetary damages "a classic type of irreparable harm," in the context of injunctive relief. *California Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Est. Grp.*, 193 Cal. App. 4th 849, 857 (2011). "Damages are no remedy at all if they cannot be collected, and most courts sensibly conclude that a damage judgment against an insolvent defendant is an inadequate remedy." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219–20 (C.D. Cal. 2007); *see also In re Est. of Ferdinand Marcos, Human Rights Litig*, 25 F.3d 1467, 1480 (9th Cir. 1994) ("We join the majority of circuits in concluding that a district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment."); *Friedman v. Friedman*, 20 Cal. App. 4th 876, 890 (1993). Further, a party need not declare bankruptcy to establish its insolvency when substantial evidence exists that the party is or will soon be unable to pay its debts. *California Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Est. Grp.*, 193 Cal. App. 4th at 859–60 ("[J]ust because the [Defendant] had not yet declared bankruptcy is not very probative of whether it was insolvent.").

ELI Realty is liquidating its assets, including collateral of Corcoran, without permission of Corcoran and in contravention of its agreements with Corcoran. ELI Realty is insolvent and the members of ELI Realty have no equity of value in the entity. Upon its insolvency, current management and members of ELI Realty owed a fiduciary obligation to creditors ELI Realty – which they breached. A receiver is needed to protect and preserve Corcoran's collateral.  A receiver is also necessary to prevent current management of ELI Realty from further hi-jacking Corcoran's collateral.

In light of the foregoing, Corcoran brings this *ex parte* application to shorten time on the hearing of its Motion for Appointment of a Receivership. Corcoran requests that its Motion to Appoint a Receiver be set for hearing on the earliest possible date that is convenient for this Court, with with opposition thereto due no later than 48-hours prior to the hearing, and Corcoran's Reply brief due within 24-hours of receipt of the opposition.

Notice of this *ex parte* application was provided to counsel for ELI Realty (and other parties to this action) as well as counsel for Libertas Funding LLC ("Libertas") during a Webex meeting on January 18, 2023, in person on January 20, 2023, and via e-mail of January 27, 2023. ELI Realty and Libertas have not stated an intention to consent to or oppose this *ex parte* application.

This *ex parte* application is based on this notice, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel M. Eliades, the underlying Motion for Appointment of a Receivership (including the Declaration of Shail Sapra and supporting exhibits), the records on file with the court, and such other matters as the Court deems proper, including any oral arguments.

Dated: January 30, 2023        K&L GATES LLP

By: */s/ Daniel M. Eliades*
Jonathan P. Hersey
Damon M. Pitt
Daniel M. Eliades (Admitted *Pro Hac Vice*)
William L. Waldman (Admitted *Pro Hac Vice*)

Attorneys for Defendant, Counterclaimant, and Third Party Plaintiff, Corcoran Group, LLC