1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI Realty Investments, LLC, a Nevada limited liability company; Exclusive Lifestyles SoCal, LLC, a California limited liability company; Exclusive Lifestyles San Francisco, Inc., a California corporation; Exclusive Lifestyles Ohio, LLC, an Ohio limited liability company; and Exclusive Lifestyles Las Vegas, LLC, a Nevada limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Corcoran Group, LLC, a Delaware limited liability company; DOES 1 through 10,<br><br>　　　　　Defendants.<br><br>Corcoran Group, LLC,<br><br>　　　　　Counterclaimant and Third-Party Plaintiff,<br><br>　vs.<br><br>ELI Realty Investments, LLC; Michael Mahon; Pamela Mahon; MRM Investments, LLC; AIM High Capital Partners, LLC; Libertas Funding LLC; Matek LLC; Exclusive Lifestyles SoCal, LLC; Exclusive Lifestyles San Francisco, Inc.; Exclusive Lifestyles | Case No. 8:22-CV-01195-JWH-ADS<br><br>**STIPULATED ORDER RE CORCORAN GROUP, LLC'S MOTION FOR APPOINTMENT OF RECEIVER**<br><br>Hon. John W. Holcomb |

314606388.1

STIPULATED ORDER RE MOTION FOR APPOINTMENT OF RECEIVER 8:22-CV-01195-JWH-ADS

| | |
|---|---|
| 1 | Ohio, LLC; Exclusive Lifestyles Las Vegas, LLC; Exclusive Lifestyles Tahoe, LLC; and DOES 1 - 10, |
| 2 | |
| 3 | Counterclaim Defendants and Third-Party Defendants. |
| 4 | |
| 5 | Libertas Funding LLC; Michael Mahon; Pamela Mahon; and MRM Investments, LLC, |
| 6 | |
| 7 | Third-Party Counterclaimants, |
| 8 | |
| 9 | vs. |
| 10 | Corcoran Group, LLC, |
| 11 | Third-Party Counterclaim Defendant. |

This matter having come before the Court on the Motion of Corcoran Group, LLC ("Corcoran") for Appointment of a Receiver for ELI Realty Investments, LLC (the "Motion"); and the Court having considered Corcoran's Motion, Memorandum of Law, the Declaration of Shail Sapra in support of the Motion; and Corcoran and ELI Realty Investments, LLC having stipulated to the form and entry of this Order; and for good cause shown; the Court hereby **ORDERS** as follows:

1. The Motion is **GRANTED**. Jeremy W. Faith (the "Temporary Receiver") is hereby appointed temporary receiver for ELI Realty Investments, LLC ("ELI Realty"), the Receivership Assets (defined below), and the Receivership Records (defined below) (collectively, the "Receivership Estate"). The Temporary Receiver shall have all the powers and duties of an equity receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure, L.R. 66-1 through L.R. 66-8, common law, and as specifically set forth in this Order.

2. The Temporary Receiver, acting as a fiduciary of the Court, is authorized and empowered to take immediate possession of, hold, secure, take charge of, preserve, and protect, all real and personal property owned by ELI Realty and/or in which ELI Realty has an interest (collectively, the "Receivership Assets"). Receivership Assets include, but are not limited to:

    a. all accounts receivable and payment intangibles; cash proceeds; contract rights; leases; furniture; furnishings; equipment; fixtures; inventory; general intangibles; commissions; real estate listings, listing agreements and related rights which are or were located at, utilized by or related to the real estate brokerage business conducted by ELI Realty, and including the proceeds therefrom; all parts, replacements, substitutions, profits, products and cash and non-cash proceeds of the foregoing property;

    b. the membership or stock interests of ELI Realty in Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles SoCal, LLC, Exclusive

Lifestyles Las Vegas, LLC, Exclusive Lifestyles Tahoe, LLC, and Exclusive Lifestyles Ohio, LLC – (collectively, the "JV Franchisees");

c. all insurance policies owned by ELI Realty and/or under which ELI Realty is an insured, additional insured, or beneficiary; and

d. all claims and/or causes of action of ELI Realty.

The rights afforded to the Temporary Receiver relate to all real and personal property owned by ELI Realty and/or in which ELI Realty has a legal interest, and do not extend to the property of any other person or entity in which ELI Realty does not hold a legal interest.

3. The Temporary Receiver is hereby authorized and empowered to take immediate possession of, hold, secure, take charge of, preserve, and protect the books and records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers, telephones and cell phones, personal digital devices and other informational resources of or in possession of ELI Realty, or issued by ELI Realty and in possession of any agent or employee of ELI Realty (the "Receivership Records"). Receivership Records include all "documents or electronically stored information" within the meaning of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

4. The Temporary Receiver is specifically directed and authorized to perform the following duties:

a. Take immediate possession and maintain full control of the Receivership Estate, with the power to retain or remove, as the Temporary Receiver deems necessary or advisable, any officer, director, manager, independent contractor, employee, or agent (including professionals) of the Receivership Estate;

    b.    Collect, marshal, and take custody, control, and possession of all the funds, accounts, mail, electronic mail, websites and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated, the income and profit therefrom and all sums of money now or hereafter due or owing to the Receivership Estate with full power to collect, receive, and take possession of, without limitation, all goods, chattel, rights, credits, monies, effects, lands, leases, books and records, work papers, records of account, including computer maintained information, contracts, financial records, monies on hand in banks and other financial initiations, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Receivership Estate;

    c.    Obtain information and documents relating to the Receivership Estate from any officer, director, manager, member, independent contractor, employee, or agent (including professionals) of the Receivership Estate;

    d.    Institute such actions or proceedings to impose a constructive trust, obtain possession of Receivership Assets or Records, or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate;

    e.    Obtain, by presentation of this order, documents, books, records, accounts, deposits, testimony, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45 of the Federal Rules of Civil Procedure, or as provided under the laws of any foreign

country where such documents, books, records, accounts, deposits, or testimony may be located;

  f. Without breaching the peace and, if necessary, with the assistance of local peace officers or United States Marshals to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of, Receivership Estate assets or records;

  g. Subject to the rights of perfected secured creditors, make such ordinary and necessary payments, distributions, and disbursements from the Receivership Estate, as the Temporary Receiver deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Estate;

  h. Contract and negotiate with any claimants against the Receivership Estate (including, without limitation, creditors) for the purpose of compromising or settling any claim by or against the Receivership Estate. To this purpose, in those instances in which Receivership Estate assets serve as collateral to secured creditors, the Temporary Receiver has the authority to surrender such assets to secured creditors, conditional upon the waiver of any deficiency of collateral;

  i. Perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Receivership Estate;

  j. Enter into such agreements in connection with the administration of the Receivership Estate, including, but not limited to, the employment of such managers, agents, custodians, consultants, investigators, attorneys, and accountants (collectively, "<u>Professionals</u>") as Temporary Receiver judges necessary to perform the duties set forth in this Order.

Retention and compensation of Professionals is, however, subject to notice to interested parties and approval by further order of this Court;

    k.    Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Temporary Receiver deems necessary and advisable to preserve the value of the Receivership Estate, or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this order and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted against the Receivership Estate that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

    l.    Preserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants subject to further order of this Court;

    m.    Prepare and submit periodic reports to this Court and to the parties as required by the Local Rules or as directed by this Court;

    n.    Take possession of and receive from all depositories, banks, brokerages and otherwise (collectively, the "Financial Institutions"), any money on deposit in all such Financial Institutions in accounts titled in the name of ELI Realty.  All Financial Institutions shall deliver such deposits to the Temporary Receiver and such records as the Temporary Receiver may reasonably request.  The Temporary Receiver is authorized and empowered to open or close any such accounts;

    o.    Deposit monies and funds collected and received in connection with the Receivership Estate at a federally insured banking institution or savings association with offices in the State of California, other than at Bank of San Francisco or at a Financial Institution with a known claim against ELI

Realty. The Temporary Receiver shall maintain bank accounts in its own name, as Temporary Receiver, at such federally insured bank, as described above, as it may deem advisable;

      p.    Receive and endorse checks pertaining to the Receivership Estate either in the name of the Temporary Receiver or ELI Realty;

      q.    Analyze any intercompany and insider transfers made or received by ELI Realty, including investigating all books, records and data relating to the Receivership Property to determine sources and uses of funds; and

      r.    Review and retain and maintain all existing insurance or to modify or purchase additional insurance, and name Corcoran Group, LLC and the Temporary Receiver as additional insureds as the Temporary Receiver deems appropriate. The ELI Realty Related Parties (defined below) shall fully cooperate with same and are prohibited from canceling, modifying, reducing, or otherwise changing any insurance coverage in existence with respect to the Receivership Estate. The Temporary Receiver may cancel or otherwise modify such insurance coverages that are deemed unduly burdensome, obsolete, or unnecessary to the protection of the Receivership Estate.

5.    Upon the request of the Temporary Receiver, the United States Marshal is hereby ordered to assist the Temporary Receiver in carrying out its duties to take possession, custody, or control of, or identify the location of, any Receivership Estate assets or records.

6.    All officers, directors, managers, members, independent contractors, employees, agents (including professionals), successors, assigns, affiliates, and subsidiaries of ELI Realty, and all persons in active concert or participation with them (collectively, "ELI Realty Related Parties"), who receive actual notice of this

order by personal service or otherwise, are hereby ordered, restrained, and enjoined from:

    a.    Making any payment or expenditure of any Receivership Assets or any property of an entity directly or indirectly owned or controlled by the Receivership Estate, including the JV Franchisees;

    b.    Removing, relocating, diverting, or transferring any Receivership Assets or Receivership Records;

    c.    Effecting any sale, gift, hypothecation, assignment, transfer, conveyance, encumbrance, disbursement, dissipation, or concealment of Receivership Assets or any property of an entity directly or indirectly owned or controlled by the Receivership Estate, including the JV Franchisees; and

    d.    Destroying, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email or text messages, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents or records of any kind that relate in any way to the Receivership Estate or are relevant to this action.

7.    The ELI Realty Related Parties, who receive actual notice of this Order by personal service or otherwise, are prohibited from interfering with the Temporary Receiver's taking control, possession, or management of the Receivership Estate, harassing the Temporary Receiver, or interfering with the duties of the Temporary Receiver under this Order.

8. The ELI Realty Related Parties who receive actual notice of this Order by personal service or otherwise, shall:

    a. To the extent they have possession, custody, or control of same, provide immediate access to and control and possession of the Receivership Estate assets and records, including securities, monies, and property of any kind, real and personal, including all keys, passwords, entry codes, and all monies deposited in any bank deposited to the credit of ELI Realty, wherever situated, and the original of all books, records, documents, accounts, computer printouts, disks, and the like of ELI Realty to the Temporary Receiver or its duly authorized agents;

    b. Cooperate with the Temporary Receiver and its duly authorized agents by promptly and honestly responding to all requests for information regarding Receivership Assets and Records and by promptly acknowledging to third parties the Temporary Receiver's authority to act on behalf of the Receivership Estate and by providing such authorizations, signatures, releases, attestations, and access as the Temporary Receiver or its duly authorized agents may reasonably request;

    c. Turn over to the Temporary Receiver all documents, including electronic files, records, passwords and other information and computers containing same, requested by the Temporary Receiver that relate to ELI Realty or the Receivership Estate, but only to the extent that such items are in their possession, custody, or control;

    d. Transfer to the territory of the United States all Receivership Estate assets and records in foreign countries held either:

        i. by them,

        ii. for their benefit, or

        iii. under their control; and

  e. Hold and retain all such repatriated Receivership Estate assets and documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets or documents, until they may be transferred into the possession of the Temporary Receiver.

9. Any Financial Institution that holds, controls, or maintains accounts or assets of or on behalf of ELI Realty any Defendant, or has held, controlled, or maintained any account or asset of or on behalf of any Defendant since January 1, 2006, shall:

  a. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, gift, or other disposal of any of the assets, funds, or other property held by or on behalf of ELI Realty in any account maintained in the name of or for the benefit of ELI Realty in whole or in part except:

   i. as directed by further order of this Court, or

   ii. as directed in writing by the Temporary Receiver or his agents;

  b. Deny access to any safe deposit boxes that are subject to access by any of the ELI Realty Related Parties;

  c. Upon presentment of this Order, provide account-balance information, transaction histories, all account records and any other Receivership Records to the Temporary Receiver or its agents, in the same manner as they would be provided were the Temporary Receiver the signatory on the account; and

  d. Comply with the provisions of Paragraph 4(n) of this Order.

10. The Temporary Receiver may make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to ELI

Realty, or any company or entity under the direction and control of ELI Realty, to himself. Further, the Temporary Receiver may open and inspect all such mail to determine the location or identity of assets or the existence and amount of claims.

11. Subject to further order of this Court, the Temporary Receiver shall <u>not</u> be required to post with the Clerk of this Court a security bond, conditioned that the Temporary Receiver shall truly perform the duties of its appointment and abide by and perform all obligations set forth herein and at law. The Temporary Receiver shall be the agent of this Court and shall be accountable directly to this Court. The Temporary Receiver shall comply with all Local Rules of this Court governing receivers. Nothing in this Order shall require the Temporary Receiver to advance funds absent an arrangement for payment satisfactory to the Temporary Receiver.

12. The Temporary Receiver may retain Professionals, subject to notice to all parties in this action and entry of further order of this Court. Any retention application shall identify the Professional, describe the proposed services of the Professional, and set forth the proposed compensation of the Professional.

13. The Temporary Receiver is entitled to reasonable compensation and reimbursement of actual costs for the performance pursuant to this Order, subject to notice to all parties in this action and the entry of further order of this Court.

14. All fees or costs of the Temporary Receiver and any Professionals are subject to notice to and objections of the parties in this action. Any Court approved compensation to the Temporary Receiver and Professionals shall be paid

    a. first from the proceeds of any unencumbered Receivership Assets; and

    b. next by the proceeds of the collateral of Corcoran up to a cap of $50,000, but only to the extent that the proceeds of any unencumbered Receivership Assets are insufficient to pay such compensation.

15.	Should the Temporary Receiver or its Professionals fail to receive payments due and owing for their fees and expenses in accordance with the terms and conditions of this Order, the Temporary Receiver may resign and such resignation shall be effective upon the filing of a notice of resignation and supporting affidavit with the Court; provided, however, that the Temporary Receiver shall

    a.	provide a Final Receiver Report (defined below);

    b.	turn over the Receivership Estate as directed by the Court; and

    c.	provide reasonable cooperation and assistance in the turnover or transition of the management and operation of the Receivership Estate.

Only after the Court approves the Final Receiver Report may the Receiver be discharged of his duties.

16.	Within ten (10) days after termination of the receivership, the Temporary Receiver shall file with the Court a full and complete financial report, under oath, pertaining to the operations of the Receivership Estate, and setting forth receipts, disbursements, and transactions regarding the Receivership Estate (the "<u>Final Receiver Report</u>").  The Final Receiver Report shall also include a current inventory of the funds, assets and property remaining in the Receivership Estate, interest in and claims against the same and all debts and obligations contracted and expenditures made.  The Temporary Receiver shall serve the Final Receiver Report on the attorneys of record in the action.

17.	Except for claims due to gross negligence, or gross or willful misconduct, the liability of the Temporary Receiver and any retained Professionals is and shall be limited to the Receivership Assets, and neither the Temporary Receiver nor any Professional engaged by the Temporary Receiver shall be personally liable for any actions taken pursuant to this Order.  Subject to the foregoing, the Temporary Receiver and retained Professionals shall have no

personal liability in connection with any damages, liabilities, obligations, injuries, cause of action, liens, taxes, assessments, or amounts owed to any parties in interest, including ELI Realty's creditors, claimants, or other parties or arising out of the Receivership Assets that arose prior to the date of this Order.

18. This Order does and shall not prejudice or constitute a release, waiver, limitation or compromise of any right, claim, defense, or security interest that Corcoran may possess, whether expressed in this action or otherwise. Nothing herein shall constitute a release of ELI Realty by any creditor, nor shall it constitute a waiver of any other remedy any such creditor may have, and the creditors shall be entitled to all of the remedies available to them prior to the institution of this receivership.

19. The appointment of the Temporary Receiver shall expire on further order of this Court, and the term of the Temporary Receiver may exceed the period set forth in L.R. 66-2.

20. A hearing is set before this Court to determine whether the Temporary Receiver should be converted to a permanent receiver on February 24, 2023, at 1:00 p.m. Any opposition to:

    a. conversion of the receivership to a permanent receivership, or

    b. the authority of the Temporary Receiver or permanent receiver to file, or cause to be filed, on behalf of ELI Realty, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, without prior permission from this Court,

shall be filed and served no later than February 10, 2023. Corcoran and the Temporary Receiver shall file and serve any reply no later than February 17, 2023.

21. The parties may take expedited discovery regarding the conversion of the receivership to a permanent receivership as follows. Three (3) business days' notice shall be sufficient for any such deposition production of any such

documents. The limitations and conditions set forth in Rule 30(a)(2) and Rule 31(a)(2) of the Federal Rules of Civil Procedure shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward the ten (10) deposition limit set forth in Rule 30(a)(2)(A) and Rule ３1(a)(2)(A). Service of discovery taken pursuant to this Section shall be sufficient if made by electronic or by overnight delivery.

22. No later than February 7, 2023, ELI Realty shall serve by e-mail and first class mail a copy of this Order upon the ELI Realty Related Parties; the JV Franchisees; the members or shareholders of the JV Franchisees other than ELI Realty; all Financial Institutions with whom ELI Realty has an account or a contractual obligation; all landlords of ELI Realty; and all persons or entities known to assert a claim of any nature against ELI Realty. No later than February 9, 2023, ELI Realty shall file an affidavit of service in this action.

**IT IS SO ORDERED:**

Dated: February 3, 2023

JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE