1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10   ELI Realty Investments, LLC, a Nevada          Case No. 8:22-CV-01195-JWH-ADS
     limited liability company; Exclusive
11   Lifestyles SoCal, LLC, a California            **STIPULATED ORDER**
     limited liability company; Exclusive           **GRANTING CORCORAN**
12   Lifestyles San Francisco, Inc., a              **GROUP, LLC'S MOTION FOR**
     California corporation; Exclusive              **APPOINTMENT OF RECEIVER**
13   Lifestyles Ohio, LLC, an Ohio limited
     liability company; and Exclusive               Hon. John W. Holcomb
14   Lifestyles Las Vegas, LLC, a Nevada
     limited liability company,
15
16                    Plaintiffs,

17          vs.

18   Corcoran Group, LLC, a Delaware
     limited liability company; DOES 1
19   through 10,

20                    Defendants.

21   Corcoran Group, LLC,

22                    Counterclaimant and
                      Third-Party Plaintiff,
23
            vs.
24
     ELI Realty Investments, LLC; Michael
25   Mahon; Pamela Mahon; MRM
     Investments, LLC; AIM High Capital
26   Partners, LLC; Libertas Funding LLC;
     Matek LLC; Exclusive Lifestyles SoCal,
27   LLC; Exclusive Lifestyles San
     Francisco, Inc.; Exclusive Lifestyles

28

314826956.1

1 | Ohio, LLC; Exclusive Lifestyles Las
2 | Vegas, LLC; Exclusive Lifestyles
Tahoe, LLC; and DOES 1 - 10,

3 |                 Counterclaim
4 |                 Defendants and Third-
Party Defendants.

5 | Libertas Funding LLC; Michael Mahon;
6 | Pamela Mahon; and MRM Investments,
LLC,

7 |                 Third Party
Counterclaimants,

8 |

9 |         vs.

Corcoran Group, LLC,

10 |                 Third Party Counterclaim
11 |                 Defendant.

This matter having come before the Court on the Motion of Corcoran Group, LLC ("Corcoran") for Appointment of a Receiver for ELI Realty Investments, LLC ("ELI Realty") [ECF No. 106] (the "Motion"); and the Court having considered Corcoran's Motion, Memorandum of Law, the Declaration of Shail Sapra in support of the Motion; the Stipulation between Corcoran and ELI Realty regarding the Motion [ECF No. 111]; Orders of this Court dated February 2, 2023 [ECF No. 113], and February 28, 2023 [ECF No. 127]; and Corcoran, ELI Realty, Michael Mahon, MRM Investments, LLC and the Receiver (defined below) having stipulated to the form and entry of this Order; and for good cause shown;

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      The Motion is granted as set forth herein.  Jeremy W. Faith (the "Receiver") is hereby appointed permanent receiver for ELI Realty, the Receivership Assets (defined below), and the Receivership Records (defined below) (collectively, the "Receivership Estate").  The Receiver shall have all the powers and duties of an equity receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure, L.R. 66-1 through L.R. 66-8.2, common law, and as specifically set forth in this Order.  The Receiver shall have full management authority over ELI Realty, including without limitation the authority to file, or cause to be filed, on behalf of ELI Realty, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without additional permission from this Court.  The Receiver shall also have the full management authority afforded to ELI Realty or Michael Mahon pursuant to the operating, shareholder, and/or management agreements (and amendments thereto) regarding each of the JV Franchisees (defined below), if any.

2.      The Receiver, acting as a fiduciary of the Court, is authorized and empowered to take immediate possession of, hold, secure, take charge of, preserve, and protect, all real and personal property owned by ELI Realty and/or in which

ELI Realty has an interest (collectively, the "Receivership Assets").  Receivership Assets include, but are not limited to:

        a.     all accounts receivable and payment intangibles; cash proceeds; contract rights; leases; furniture; furnishings; equipment; fixtures; inventory; general intangibles; commissions; real estate listings, listing agreements and related rights which are or were located at, utilized by or related to the real estate brokerage business conducted by ELI Realty, and including the proceeds therefrom; all parts, replacements, substitutions, profits, products and cash and non-cash proceeds of the foregoing property;

        b.     the membership or stock interests of ELI Realty in Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles SoCal, LLC, Exclusive Lifestyles Las Vegas, LLC, Exclusive Lifestyles Tahoe, LLC, and Exclusive Lifestyles Ohio, LLC - (collectively, the "JV Franchisees");

        c.     the stock interests of ELI Realty in Exclusive Lifestyles, Inc. (if any);

        d.     all insurance policies owned by ELI Realty and/or under which ELI Realty is an insured, additional insured, or beneficiary; and

        e.     all claims and/or causes of action of ELI Realty.

The rights afforded to the Receiver relate to all real and personal property owned by ELI Realty and/or in which ELI Realty has a legal interest, and do not extend to the property of any other person or entity in which ELI Realty does not hold a legal interest.

       3.     The Receiver is hereby authorized and empowered to take immediate possession of, hold, secure, take charge of, preserve, and protect the books and records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers, telephones and cell phones, personal digital devices and other informational

resources of or in possession of ELI Realty, or issued by ELI Realty and in possession of any agent or employee of ELI Realty (the "Receivership Records"). Receivership Records include all "documents or electronically stored information" within the meaning of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Delivery to or possession by the Receiver of the Receivership Records or the Receivership Assets will not be deemed a waiver of any applicable privilege or protection of ELI Realty or any party, including without limitation the attorney-client privilege and the work product doctrine.  The Receiver will not waive or relinquish any privilege or protection held by Michael Mahon, Pamela Mahon, MRM Investments, LLC, AIM High Capital Partners, LLC, or Matek LLC absent written agreement of the applicable party or a further order of the Court after the party holding such privilege receives full notice and an opportunity to be heard.

4.     The Receiver is specifically directed and authorized to perform the following duties:

a.     Take immediate possession and maintain full control of the Receivership Estate, with the power to retain or remove, as the Receiver deems necessary or advisable, any officer, director, manager, independent contractor, employee, or agent (including professionals) of the Receivership Estate;

b.     Collect, marshal, and take custody, control, and possession of all the funds, accounts, mail, electronic mail, websites and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated, the income and profit therefrom and all sums of money now or hereafter due or owing to the Receivership Estate with full power to collect, receive, and take possession of, without limitation, all goods, chattel, rights, credits, monies, effects, lands, leases, books and records, work papers,

records of account, including computer maintained information, contracts, financial records, monies on hand in banks and other financial initiations, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Receivership Estate;

c.      Obtain information and documents relating to the Receivership Estate from any officer, director, manager, member, independent contractor, employee, or agent (including professionals) of the Receivership Estate;

d.      Institute such actions or proceedings to impose a constructive trust, obtain possession of Receivership Assets or Records, or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate;

e.      Obtain, by presentation of this order, documents, books, records, accounts, deposits, testimony, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate.  The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45 of the Federal Rules of Civil Procedure, or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

f.      Without breaching the peace and, if necessary, with the assistance of local peace officers or United States Marshals to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of, Receivership Estate assets or records;

g.      Subject to the rights of perfected secured creditors, make such ordinary and necessary payments, distributions, and disbursements from the Receivership Estate, as the Receiver deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Estate;

h.      Contract and negotiate with any claimants against the Receivership Estate (including, without limitation, creditors) for the purpose of compromising or settling any claim by or against the Receivership Estate. To this purpose, in those instances in which Receivership Estate assets serve as collateral to secured creditors, the Receiver has the authority to surrender such assets to secured creditors, conditional upon the waiver of any deficiency of collateral;

i.      Perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Receivership Estate;

j.      Enter into such agreements in connection with the administration of the Receivership Estate, including, but not limited to, the employment of such managers, agents, custodians, consultants, investigators, attorneys, and accountants (collectively, "Professionals") as Receiver judges necessary to perform the duties set forth in this Order.  Retention and compensation of Professionals is, however, subject to notice to interested parties and approval by further order of this Court;

k.      Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve the value of the Receivership Estate, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this order and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or

proceedings instituted against the Receivership Estate that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

l.      Preserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants subject to further order of this Court;

m.      Prepare and submit periodic reports to this Court and to the parties as required by the Local Rules or as directed by this Court;

n.      Take possession of and receive from all depositories, banks, brokerages and otherwise (collectively, the "Financial Institutions"), any money on deposit in all such Financial Institutions in accounts titled in the name of ELI Realty.  All Financial Institutions shall deliver such deposits to the Receiver and such records as the Receiver may reasonably request.  The Receiver is authorized and empowered to open or close any such accounts;

o.      Deposit monies and funds collected and received in connection with the Receivership Estate at a federally insured banking institution or savings association with offices in the State of California, other than at Bank of San Francisco or at a Financial Institution with a known claim against ELI Realty (an "Approved Bank").  The Receiver shall maintain bank accounts in the name of the Receiver or the Receivership Estate  at such Approved Bank, as described above, as he may deem advisable;

p.      Receive and endorse checks pertaining to the Receivership Estate either in the name of the Receiver or ELI Realty;

q.      Receive and endorse checks made payable to the JV Franchisees, and hold the funds in an account opened by the Receiver in the name of the applicable JV Franchisee at an Approved Bank pending further order of this Court;

STIPULATED ORDER RE MOTION FOR APPOINTMENT OF RECEIVER 8:22-CV-01195-JWH-ADS

r.    Analyze any intercompany and insider transfers made or received by ELI Realty, including investigating all books, records and data relating to the Receivership Property to determine sources and uses of funds; and

s.    Review and retain and maintain all existing insurance or to modify or purchase additional insurance, and name Corcoran Group, LLC and the Receiver as additional insureds as the Receiver deems appropriate. The ELI Realty Related Parties (defined below) shall fully cooperate with same and are prohibited from canceling, modifying, reducing, or otherwise changing any insurance coverage in existence with respect to the Receivership Estate. The Receiver may cancel or otherwise modify such insurance coverages that are deemed unduly burdensome, obsolete, or unnecessary to the protection of the Receivership Estate.

5.    Upon the request of the Receiver, the United States Marshal is hereby ordered to assist the Receiver in carrying out its duties to take possession, custody, or control of, or identify the location of, any Receivership Estate assets or records.

6.    All officers, directors, managers, members, independent contractors, employees, agents (including professionals), successors, assigns, affiliates, and subsidiaries of ELI Realty, and all persons in active concert or participation with them (collectively, "ELI Realty Related Parties"), who receive actual notice of this order by personal service or otherwise, are hereby ordered, restrained, and enjoined from:

a.    Making any payment or expenditure of any Receivership Assets or any property of an entity directly or indirectly owned or controlled by the Receivership Estate, including the JV Franchisees;

b.    Removing, relocating, diverting, or transferring any Receivership Assets or Receivership Records;

c.     Effecting any sale, gift, hypothecation, assignment, transfer, conveyance, encumbrance, disbursement, dissipation, or concealment of Receivership Assets or any property of an entity directly or indirectly owned or controlled by the Receivership Estate, including the JV Franchisees; and

d.     Destroying, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email or text messages, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents or records of any kind that relate in any way to the Receivership Estate or are relevant to this action.

7.    The ELI Realty Related Parties, who receive actual notice of this Order by personal service or otherwise, are prohibited from interfering with the Receiver's taking control, possession, or management of the Receivership Estate, harassing the Receiver, or interfering with the duties of the Receiver under this Order.

8.    The ELI Realty Related Parties who receive actual notice of this Order by personal service or otherwise, shall:

a.     To the extent they have possession, custody, or control of same, provide immediate access to and control and possession of the Receivership Estate assets and records, including securities, monies, and property of any kind, real and personal, including all keys, passwords, entry codes, and all monies deposited in any bank deposited to the credit of ELI Realty, wherever situated, and the original of all books, records, documents, accounts,

- 10 -

computer printouts, disks, and the like of ELI Realty to the Receiver or its
duly authorized agents;

      b.    Cooperate with the Receiver and its duly authorized agents by
promptly and honestly responding to all requests for information regarding
Receivership Assets and Records and by promptly acknowledging to third
parties the Receiver's authority to act on behalf of the Receivership Estate as
set forth herein and by providing such authorizations, signatures, releases,
attestations, and access as the Receiver or its duly authorized agents may
reasonably request pursuant to such authority;

      c.    Turn over to the Receiver all documents, including electronic
files, records, passwords and other information and computers containing
same, requested by the Receiver that relate to ELI Realty or the Receivership
Estate, but only to the extent that such items are in their possession, custody,
or control;

      d.    Transfer to the territory of the United States all Receivership
Estate assets and records in foreign countries held either:

          i.    by them;

          ii.    for their benefit; or

          iii.    under their control; and

      e.    Hold and retain all such repatriated Receivership Estate assets
and documents and prevent any transfer, disposition, or dissipation
whatsoever of any such assets or documents, until they may be transferred
into the possession of the Receiver.

9.    Any Financial Institution that holds, controls, or maintains accounts or
assets of or on behalf of ELI Realty shall:

      a.    Hold and retain within its control and prohibit the withdrawal,
removal, assignment, transfer, pledge, hypothecation, encumbrance,

- 11 -

disbursement, dissipation, conversion, sale, gift, or other disposal of any of the assets, funds, or other property held by or on behalf of ELI Realty in any account maintained in the name of or for the benefit of ELI Realty in whole or in part except:

        i.     as directed by further order of this Court, or

        ii.    as directed in writing by the Receiver or his agents;

    b.    Deny access to any safe deposit boxes that are subject to access by any of the ELI Realty Related Parties;

    c.    Upon presentment of this Order, provide account-balance information, transaction histories, all account records and any other Receivership Records to the Receiver or its agents, in the same manner as they would be provided were the Receiver the signatory on the account; and

    d.    Comply with the provisions of Paragraph 4(n) of this Order.

10.    The Receiver may make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to ELI Realty, or any company or entity under the direction and control of ELI Realty, to himself. Further, the Receiver may open and inspect all such mail to determine the location or identity of assets or the existence and amount of claims.

11.    Subject to further order of this Court, the Receiver shall <u>not</u> be required to post with the Clerk of this Court a security bond, conditioned that the Receiver shall truly perform the duties of its appointment and abide by and perform all obligations set forth herein and at law.  The Receiver shall be the agent of this Court and shall be accountable directly to this Court.  The Receiver shall comply with all Local Rules of this Court governing receivers.  Nothing in this Order shall require the Receiver to advance funds absent an arrangement for payment satisfactory to the Receiver.

12.     The Receiver may retain Professionals, subject to notice to all parties in this action and entry of further order of this Court.  Any retention application shall identify the Professional, describe the proposed services of the Professional, and set forth the proposed compensation of the Professional.

13.     The Receiver is entitled to reasonable compensation and reimbursement of actual costs for the performance pursuant to this Order, subject to notice to all parties in this action and the entry of further order of this Court.

14.     All fees or costs of the Receiver and any Professionals are subject to notice to and objections of the parties in this action.  Any Court approved compensation to the Receiver and Professionals shall be paid

    a.     first from the proceeds of any unencumbered Receivership Assets; and

    b.     next by the proceeds of the collateral of Corcoran up to a cap of $50,000, but only to the extent that the proceeds of any unencumbered Receivership Assets are insufficient to pay such compensation.

15.     Should the Receiver or his Professionals fail to receive payments due and owing for their fees and expenses in accordance with the terms and conditions of this Order, the Receiver may resign and such resignation shall be effective upon the filing of a notice of resignation and supporting affidavit with the Court; provided, however, that the Receiver shall:

    a.     provide a Final Receiver Report (defined below);

    b.     turn over the Receivership Estate as directed by the Court; and

    c.     provide reasonable cooperation and assistance in the turnover or transition of the management and operation of the Receivership Estate.

Only after the Court approves the Final Receiver Report may the Receiver be discharged of its duties.

16.     Within ten (10) days after termination of the receivership, the Receiver shall file with the Court a full and complete financial report, under oath, pertaining to the operations of the Receivership Estate, and setting forth receipts, disbursements, and transactions regarding the Receivership Estate (the "Final Receiver Report").  The Final Receiver Report shall also include a current inventory of the funds, assets and property remaining in the Receivership Estate, interest in and claims against the same and all debts and obligations contracted and expenditures made.  The Receiver shall serve the Final Receiver Report on the attorneys of record in the action.

17.     Except for claims due to gross negligence, or gross or willful misconduct, the liability of the Receiver and any retained Professionals is and shall be limited to the Receivership Assets, and neither the Receiver nor any Professional engaged by the Receiver shall be personally liable for any actions taken pursuant to this Order.  Subject to the foregoing, the Receiver and retained Professionals shall have no personal liability in connection with any damages, liabilities, obligations, injuries, cause of action, liens, taxes, assessments, or amounts owed to any parties in interest, including ELI Realty's creditors, claimants, or other parties or arising out of the Receivership Assets that arose prior to the date of this Order.

18.     This Order does and shall not prejudice or constitute a release, waiver, limitation or compromise of any right, claim, defense, or security interest that Corcoran may possess, whether expressed in this action or otherwise.  Nothing herein shall constitute a release of ELI Realty by any creditor, nor shall it constitute a waiver of any other remedy any such creditor may have, and the creditors shall be entitled to all of the remedies available to them prior to the institution of this receivership.

STIPULATED ORDER RE MOTION FOR APPOINTMENT OF RECEIVER 8:22-CV-01195-JWH-ADS

1        19.    The hearing scheduled before this Court for March 14, 2023, is

2    **VACATED**.

3        **IT IS SO ORDERED:**

4

5    Dated:_____                    _____

6                    March 8, 2023                     JOHN W. HOLCOMB
                                                        UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

314826956.1                              - 15 -        STIPULATED ORDER RE MOTION FOR
                                                        APPOINTMENT OF RECEIVER 8:22-CV-
                                                        01195-JWH-ADS