Marc C. Forsythe - State Bar No. 153854
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210, Building D
Irvine, CA 92614
mforsythe@goeforlaw.com
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Steven M. Hanle, SBN 168876
shanle@stradlinglaw.com
**STRADLING YOCCA CARLSON & RAUTH**
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for ELI Realty Investments, LLC, Michael Mahon and Pamela Mahon

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI Realty Investments, LLC, a Nevada limited liability company; Exclusive Lifestyles SoCal, LLC, a California limited liability company; Exclusive Lifestyles San Francisco, Inc., a California corporation; Exclusive Lifestyles Ohio, LLC, an Ohio limited liability company; and Exclusive Lifestyles Las Vegas, LLC, a Nevada limited Liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Corcoran Group LLC, a Delaware limited liability company; DOES 1 through 10, Defendants. | Case No. 8:22-cv-01195-JWH (ADSx)<br><br>Assigned to: Honorable John W. Holcomb<br><br>**STATEMENT OF POSITION AND RESERVATION OF RIGHTS BY MICHAEL AND PAMELA MAHON IN RELATION TO MOTION FOR RECEIVER; DECLARATION OF MICHAEL MAHON IN SUPPORT THEREOF**<br><br>Date: March 14, 2023<br>Time: 10:00 a.m.<br>Courtroom: 9D, 9th Floor |

-1-

Corcoran Group LLC

   Counter claimant and Third-Party Plaintiff,

vs.

ELI Realty Investments, LLC; Michael Mahon; Pamela Mahon; MRM Investments, LLC; AIM High Capital Partners, LLC; Libertas Funding LLC; Matek LLC; Exclusive Lifestyles SoCal, LLC; Exclusive Lifestyles San Francisco, Inc.; Exclusive Lifestyles Ohio, LLC; Exclusive Lifestyles Las Vegas, LLC; Exclusive Lifestyles Tahoe, LLC; and DOES 1 – 10

   Counterclaim and Third-Party Defendants.

Libertas Funding LLC; Michael Mahon Pamela Mahon, and MRM Investments, LLC,

   Third Party Counterclaimants,

vs.

Corcoran Group, LLC,

   Third Party Counterclaim Defendant.

  Third Party Defendants Michael and Pamela Mahon (collectively, the "Mahons") hereby submit the following Statement and Reservation of Rights

-2-

("Statement") in response to the Corcoran Group, LLC's ("Corcoran") Motion for Appointment of a Receivership for ELI (the "Motion")(Docket No.'s 106 and 106-1) and the allegations in support of the Motion set forth in the Declaration of Shail Sapra (the "Sapra Dec.")(Docket No.106-3 through 106-14).  This Statement is supported by the attached Declaration of Michael Mahon (the "Mahon Dec.").

## STATEMENT AND RESERVATION OF RIGHTS

While Michael Mahon has stipulated to the appointment of a Receiver for ELI Realty Investments, LLC, out an abundance of caution, the Mahons file this Statement and attached Mahon Dec. for the purpose of clarifying that the Mahons do not admit or agree to the factual allegations in the Motion or the Sapra Dec.  The Mahons also specifically reserve their rights to file evidentiary objections to the Sapra Dec., if necessary.  This Statement is not intended to affect in any Eli Realty's consent to the Stipulation entered into with Corcoran regarding the Appointment of a Permanent Receiver (Dkt. 129).

Dated:  March 7, 2023                     Respectively Submitted,

**GOE FORSYTHE & HODGES LLP**

By:  */s/ Marc C. Forsythe*
Marc C. Forsythe, Attorneys for ELI Realty Investments, LLC, Michael Mahon and Pamela Mahon

Dated:  March 7, 2023                     **STRADLING YOCCA CARLSON & RAUTH**

By:  */s/ Steve M. Hanle*
Steve M. Hanle, Attorneys for ELI Realty Investments, LLC, Michael Mahon and Pamela Mahon

STATEMENT OF POSITION AND RESERVATION OF RIGHTS BY MICHAEL/PAMELA MAHON IN RELATION TO MOTION FOR RECEIVER; DEC. OF MICHAEL MAHON IN SUPPORT THEREOF

## DECLARATION OF MICHAEL MAHON

Michael Mahon, of full age, hereby declares pursuant to Title 28 of the United States Code, Section 1746, as follows:

1. For all relevant times noted in this lawsuit, I was the Chief Executive Officer of Eli Realty Investments, LLC, a Nevada Limited Liability Company ("Eli Realty") and the Manager of Eli Realty. Eli Realty consists of several members, all of whom are separate LLC's, and Michael Mahon has been the Chief Executive Officer of Eli Realty for all relevant times.

2. Corcoran and ELI Realty are parties to that certain Real Estate Franchise Agreement dated January 19, 2020, and certain amendments/addendums thereto(collectively, the "ELI Realty Franchise Agreement"). I dispute how the Eli Realty Franchise Agreement is characterize in paragraphs 11 through 19 of the Declaration of Shail Sapra ("Sapra Dec.) and a review of all of the exhibits to the Eli Realty Franchise Agreement (which are not attached to the Sapra Dec.) would be highly relevant to the dispute between Corcoran and Eli Realty.

3. The following paragraphs address some, but not all of my issues with the Sapra Dec.

4. The Complaint herein and the Sapra Dec. allege that I received allegedly improper "Insider Transfers" of $564,973.93 in 2021 and 2022. These amounts were compensation to me as the chief executive officer of an organization that generated over $35 million in distributions, salaries, bonuses and commission for minority owners in the organization unrelated to ELI, as well as over $6.6 million in franchise related payments to Corcoran, during the same time period. For example, Randall Kostick, an investor and officer in Exclusive Lifestyles San Francisco, Inc., received over $637,000 in such payments during this time period; and Jesse Rodriguez, an investor in Exclusive Lifestyles SoCal, LLC received over $1.5 million.

5. In addition, my compensation structure was specifically disclosed to Corcoran, including in the Operating Agreement of ELI Realty, and approved when Corcoran agreed to move forward with ELI Realty and subsidiary franchisees. In sum, the alleged "Insider Transfers" to me were fair, reasonable payments in the ordinary course of business and were transparent to Corcoran and all interested parties. The compensation of $75,011.83 paid to Pamela Mahon in 2021 and 2022 were fair, reasonable payments in the ordinary course of business for recruiting efforts on behalf of the ELI Realty organization. When the financial condition of the ELI Realty organization deteriorated in early 2022 due to market conditions, my salary was reduced by 75% in February 2022 and at the end of July 2022 both my salary and Pamela Mahon's were eliminated (as well as insurance benefits).

6. In relation to paragraphs 15-16 of the Sapra Dec., I dispute the alleged defaults of the Eli Realty Franchise Agreement, including but not limited to, the alleged defaults arising from the alleged reporting requirement and the alleged nonpayment of Brand Marketing Fund contributions.

7. In relation to paragraphs 23 of the Sapra Dec., I dispute my guaranty was a material inducement to Corcoran providing funding (not loaning money) to Eli Realty.

8. In relation to paragraph 23 of the Sapra Dec., I dispute that the Eli Realty Guaranty executed by the Mahons was a material inducement for Corcoran to accept Eli Realty as a franchisee and to convey certain loans to Eli Realty.

9. In relation to paragraphs 24 through 30 of the Sapra Dec., I dispute the characterization and interpretation of the Corcoran Loan and Eli Realty Notes. As an example, Corcoran states that the advances were loans. I believe that these were not loans but rather advanced franchise fee funding, relating to the "verified accumulated gross commission revenue being provided by the franchisee

involving converted recruitment and M@A opportunities that were approved by Corcoran.

10. In relation to paragraph 39 of the Sapra Dec., I dispute that Eli Realty used the proceeds of the Corcoran Loans (which I also dispute were loans) were used by Eli Realty to acquire equity interests in the JV Franchisees.

11. In relation to paragraphs 66 through 70 the Sapra Dec., I dispute that Eli Realty was in default based upon the claims against Corcoran as set forth in the original complaint filed in this lawsuit.

12. In relation to paragraphs 71 through 92 the Sapra Dec., I dispute the characterization of the Libertas Agreements, that Libertas Agreements put Eli Realty in default to Corcoran, that the decisions made in relation to the Libertas Agreements are subject to the business judgment rule, that Libertas was aware of all Corcoran obligations and informed Eli Realty that the Libertas Agreements would not put Eli Realty into default with Corcoran, that a Corcoran's attorney was aware of the transaction, and other statements made therein.

13. In relation to paragraphs 93 through 97 the Sapra Dec., I dispute that Eli Realty was in default based upon the claims against Corcoran as set forth in the original complaint filed in this lawsuit.

14. In relation to paragraphs 98 through 103 the Sapra Dec., I dispute that Eli Realty used the proceeds of the Corcoran Loans (which I also dispute were loans) were used by Eli Realty to acquire Aim High Capital and the characterization of the transaction and business relationship between Eli Realty and Aim High Capital.

15. In relation to paragraphs 104 through 109 the Sapra Dec., I dispute that Eli Realty used the proceeds of the Corcoran Loans (which I also dispute were

loans) were used by Eli Realty to acquire Gradus Capital and the characterization of the transaction and business relationship between Eli Realty and Gradus Capital.

16. In relation to paragraphs 110-112 the Sapra Dec., I dispute the characterization of the payments to insiders. All payments noted in the Sapra Dec. were for compensation due for providing services or reimbursement of company expenses (validated by monthly expense reports). My compensation was consistent with the Eli Realty Operating Agreement. When the financial picture worsened, the officers of Eli, including me, took pay cuts on more than one occasion. The proceeds of the Libertas Agreements were used to fund the overall business operations of ELI Realty and the JV Franchisees, and I dispute the claim that the proceeds of the Libertas Agreements were used specifically to fund the alleged Insider Transfers.

17. In relation to paragraphs 113-186 of the Sapra Dec., I reserve my right to dispute these factual allegations and object to the Sapra Dec. at a later time, if necessary, to defend any claims against the Mahons.

I hereby declare that the foregoing statements made by me are true and that this Declaration is executed under penalty of perjury. I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

Dated: March 14, 2023

Michael Mahon

## LOCAL RULE 5-4.3.4 ATTESTATION

I attest that the above listed counsel concurs in this filing's content and has authorized the filing, including the use of digital signatures for counsel.

<u>*/s/ Marc C. Forsythe*</u>
Marc C. Forsythe

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Suite 210, Bldg. D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **STATEMENT OF POSITION AND RESERVATION OF RIGHTS BY MICHAEL AND PAMELA MAHON IN RELATION TO MOTION FOR RECEIVER; DECLARATION OF MICHAEL MAHON IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 14, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 14, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 14, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable John W. Holcomb, USDC, 411 West Fourth Street, Ctrm 9D, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| March 14, 2023 | Kerry A. Murphy | /s/Kerry A. Murphy |

-9-

STATEMENT OF POSITION AND RESERVATION OF RIGHTS BY MICHAEL/PAMELA MAHON IN RELATION TO MOTION FOR RECEIVER; DEC. OF MICHAEL MAHON IN SUPPORT THEREOF

**Mailing Information for a Case 8:22-cv-01195-JWH-ADS ELI Realty Investments, LLC et al v. Corcoran Group, LLC et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jason H Anderson**
  janderson@stradlinglaw.com,kkirkpatrick@stradlinglaw.com,smjohnson@stradlinglaw.com,kmilanowski@stradlinglaw.com

- **Geoffrey M. Davis**
  gdavis@gdavislegal.com

- **Daniel M. Eliades**
  Daniel.Eliades@klgates.com

- **Marc C Forsythe**
  mforsythe@goeforlaw.com,kmurphy@goeforlaw.com

- **Kevin Barnett Frankel**
  kfrankel@mcguirewoods.com,dmlamb@mcguirewoods.com,JTabisaura@mcguirewoods.com

- **Tanya Greene**
  tgreene@mcguirewoods.com,kghalambor@mcguirewoods.com,USDocket@mcguirewoods.com

- **Steven M. Hanle**
  shanle@stradlinglaw.com,jcrummett@stradlinglaw.com

- **Jonathan Peter Hersey**
  jonathan.hersey@klgates.com,connie-marie.pruitt@klgates.com

- **Damon M. Pitt**
  damon.pitt@klgates.com,Shelley.Cossitt@klgates.com,Ashley.Russell@klgates.com

- **Ahmad Said Takouche**
  atakouche@stradlinglaw.com,kmilanowski@sycr.com

- **William L. Waldman**
  William.waldman@klgates.com

- **Jenny Yi**
  jyi@mcguirewoods.com,izabala@mcguirewoods.com,DMLamb@mcguirewoods.com,USDocket@mcguirewoods.com

STATEMENT OF POSITION AND RESERVATION OF RIGHTS BY MICHAEL/PAMELA MAHON IN RELATION TO MOTION FOR RECEIVER; DEC. OF MICHAEL MAHON IN SUPPORT THEREOF