STEVEN M. HANLE, SBN 168876
  shanle@stradlinglaw.com
AHMAD S. TAKOUCHE, SBN 322911
  atakouche@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH, LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: 949 725 4000
Facsimile: 949 725 4100

Attorneys for Plaintiffs,
Counterclaim Defendants and Third Party Defendants
ELI Realty Investments, LLC; Michael Mahon;
Pamela Mahon; MRM Investments, LLC; Matek LLC;
AIM High Capital Partners, LLC; Exclusive Lifestyles SoCal, LLC;
Exclusive Lifestyles San Francisco, Inc.; Exclusive Lifestyles Ohio, LLC;
Exclusive Lifestyles Las Vegas, LLC; Exclusive Lifestyles Tahoe, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI Realty Investments, LLC, a Nevada limited liability company; Exclusive Lifestyles SoCal, LLC, a California limited liability company; Exclusive Lifestyles San Francisco, Inc., a California corporation; Exclusive Lifestyles Ohio, LLC, an Ohio limited liability company; and Exclusive Lifestyles Las Vegas, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> Corcoran Group, LLC, a Delaware limited liability company; DOES 1 through 10, <br><br> Defendants. | CASE NO. 8:22-cv-01195-JWH-ADS <br><br> Hon. John W. Holcomb <br><br> **STRADLING'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR CERTAIN PARTIES** <br><br> Hearing Date: May 24, 2024 <br> Time: 9:00 a.m. <br> Courtroom: 9D <br><br> Complaint Filed: June 21, 2022 |
| Corcoran Group LLC, <br><br>   Counterclaimant and Third Party Plaintiff, | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4881-3607-2888v4/107283-0001

| | |
|---|---|
| 1 | vs. |
| 2 | ELI Realty Investments, LLC; Michael Mahon; Pamela Mahon; MRM Investments, LLC; AIM High Capital Partners, LLC; Libertas Funding LLC; Matek LLC; Exclusive Lifestyles SoCal, LLC; Exclusive Lifestyles San Francisco, Inc.; Exclusive Lifestyles Ohio, LLC; Exclusive Lifestyles Las Vegas, LLC; Exclusive Lifestyles Tahoe, LLC; and DOES 1 – 10, |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Counterclaim Defendants and Third Party Defendants. |
| 10 | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 24, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable John W. Holcomb, United States District Judge, located at the Ronald Reagan Federal Building and United States Courthouse 411 West Fourth Street, Courtroom 9D Santa Ana, CA, 92701-4516, counsel of record Stradling Yocca Carlson & Rauth LLP ("Stradling") moves the Court for an order that Stradling is withdrawn as counsel for ELI Realty Investments, LLC ("ELI Realty"), and Exclusive Lifestyles SoCal, LLC, Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles Ohio, LLC, Exclusive Lifestyles Las Vegas, LLC, Exclusive Lifestyles Tahoe, LLC, and Aim High Capital Partners, LLC (collectively with ELI Realty, the "ELI Entities").

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place commencing April 19, 2024, and with continued email discussions.

This Motion is based on this Notice, the attached Memorandum in support, the Declaration of Steve Hanle, the pleadings on file herein, and upon such other matters as may be presented to the Court in connection with this Motion.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD
4881-3607-2888v4/107283-0001

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Stradling, Yocca, Carlson, & Rauth LLP ("Stradling") moves to withdraw from the representation of ELI Realty Investments, LLC ("ELI Realty"), and Exclusive Lifestyles SoCal, LLC, Exclusive Lifestyles San Francisco, Inc., Exclusive Lifestyles Ohio, LLC, Exclusive Lifestyles Las Vegas, LLC, Exclusive Lifestyles Tahoe, LLC, and Aim High Capital Partners, LLC (collectively with ELI Realty, the "ELI Entities").[1]  Good cause exists for permission to withdraw because the present circumstances, including the absence of any direction or any likely future direction from any corporate officer or manager of the ELI Entities, have made further representation impossible. Opposing parties would not be prejudiced and the Court would not be inconvenienced.  For these reasons, withdrawal should be granted.

## II. FACTS

ELI Realty Investments, LLC ("ELI Realty") retained Stradling to provide litigation services related to franchise and other disputes with Corcoran Group LLC.  Stradling was also retained by the related ELI Entities for purposes of this action.  At the time of being engaged, Michael Mahon was the officer or member of the ELI Entities believed to have authority to direct Stradling's representation. (Hanle Decl. ¶ 2.)

A Receiver was appointed and remains in control of all assets and authority on behalf of ELI Realty.  (Dkt. 113.)  The other ELI Entities are now insolvent, are no longer conducting business in any fashion, and are without sufficient assets to fund the prosecution or defense of the litigation.  (Hanle

---

[1]   Stradling does not seek to withdraw from representation of Michael Mahon, Pamela Mahon or MRM Investments, LLC, as all claims, counterclaims and third party claims by or against those entities have been or will be dismissed.  Nor does Stradling seek to withdraw from representation of Matek, LLC, which is not owned or controlled by Michael Mahon.

Decl. ¶ 3.)  Mr. Mahon has gone through a personal bankruptcy and does not believe he retains authority to make decisions or provide directions to Stradling on behalf of the ELI Entities regarding their claims or defenses.  (*Id.*)  Accordingly, Stradling's representation of the ELI Entities has become impossible or unreasonably difficult.

Additionally, the ELI Entities are in substantial arrears for fees incurred in prosecuting and defending this matter, and are unable to pay those fees.  (*Id.* ¶ 4.)  As a result, Stradling is unable to provide effective representation, necessitating this withdrawal.

On April 18, 2024, Mr. Hanle wrote to Mr. Mahon, the last known person of authority on behalf of the ELI Entities, via email, advising the ELI Entities that Stradling was moving to withdraw, and seeking the ELI Entities' approval to withdraw.  (Hanle Decl. ¶ 5.)  Hanle also advised Mr. Mahon that Stradling would be filing a motion to withdraw, and should the Court grant the motion, the ELI Entities would need to substitute counsel or else face significant consequences, including having a judgment entered against them.  (*Id.*)  Mr. Mahon confirmed in writing via email the same day that he received this correspondence.  (*Id.*)  Reiterating the complexities of the matter, Mr. Mahon stated that he was unaware whether he retained authority on behalf of the ELI Entities, or even whether he could approve or object to Stradling's withdrawal.  (*Id.*)

On April 19, Mr. Hanle confirmed earlier communications with Corcoran that Stradling intended to withdraw from representation of the ELI Entities.  (Hanle Decl. ¶ 6; Ex. 1.)  On April 25, 2024, Corcoran's counsel responded that, as to Aim High, Corcoran "has no position other than to note that same would leave the entity without counsel only a few months before the trial date."  (*Id.*)

## III. ARGUMENT

### A. Legal Standard

Whether to grant a motion to withdraw is a matter within the Court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Pursuant to the Local Rules in the Central District of California, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.9.2.1. The moving party must show "good cause" for the withdrawal. L.R. 83-2.3.2. The California Rules of Professional Conduct permit counsel to seek to withdraw from representation if a client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4).

In ruling on a motion to withdraw as counsel, district courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *The Estate of Richard Risher, Jr. et al v. City of L.A.*, No. EDCV 17-00995-MWF (KKx), 2021 U.S. Dist. LEXIS 260009, at *2-3 (C.D. Cal. Oct. 28, 2021) (quoting *Kazovsky v. Metrocities Mortgage, LLC*, 2:11-CV-06079-ODW (FMOx), 2012 U.S. Dist. LEXIS 188908, 2012 WL 8747557, at *1 (C.D. Cal. June 4, 2012)). Federal courts often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. *See, e.g.*, *King v. Ocwen Loan Servicing LLC*, No. EDCV 17-1902 JGB (KKx), 2018 U.S. Dist. LEXIS 245044, at *4 (C.D. Cal. Nov. 21, 2018) (looking to the California Code of Professional Conduct when deciding counsel's motion to withdraw).

### B. Good Cause Exists To Grant The Motion

Stradling has complied with all obligations needed to seek this withdrawal under Local Rule 83-2.3.2. The ELI Entities and Corcoran have all received

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD

4881-3607-2888v4/107283-0001

written notice provided reasonably in advance to Counsel filing the Motion. No party has advised its intention to oppose this motion.

Additionally, there is good cause to withdraw. Under the California Rules of Professional Conduct, counsel may withdraw from representation if a client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4). As mentioned above, Stradling is unable to provide effective representation due to the circumstances described herein, including the absence of anyone who is willing and able to make decisions or provide direction on the Entities' behalf. As a result, withdrawal is warranted because it is now "unreasonably difficult" for Stradling "to carry out the representation effectively." Withdrawal should be granted on this basis alone.

Moreover, the Rules of Professional Conduct include the right to withdraw where a client does not or cannot pay legal bills incurred from the representation. A client's failure to pay legal fees, while not dispositive, may constitute good cause to permit an attorney's withdrawal from representation of a client. *Fabricant v. Fast Advance Funding, LLC*, No. 2:17-cv-05753-AB (JCx), 2018 U.S. Dist. LEXIS 227250, at *5 (C.D. Cal. June 26, 2018) (citing C.D. Cal. L.R. 83-2.3.2; Cal. Rules Prof. Conduct 3-700(C)(1)(d), (f)). The breach of an agreement to pay legal fees further justifies withdrawal of counsel. *Id.* (citing Cal. Rules Prof. Conduct 3-700(C)(1)(f)). Here, the ELI Entities are unable to pay fees already incurred and to pay the fees that would be incurred in further representation. (Hanle Decl., ¶ 3.) This constitutes further good cause to allow Stradling's withdrawal. *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 U.S. Dist. LEXIS 87064, at *1 (C.D. Cal. June 19, 2013) (granting counsel's motion to withdraw because client failed to pay legal fees and made it unreasonably difficult for counsel to effectively carry out representation).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD
4881-3607-2888v4/107283-0001

### C. Withdrawal Will Not Prejudice The Other Parties Or Delay The Case

Withdrawal is further appropriate because there is limited, if any, prejudice to the other parties or the case schedule. The case has been stayed as to the primary ELI Entity, ELI Realty, which is currently controlled by the Receiver. This Entity is the managing member of certain ELI Entities, thus rendering it impossible for the stay to be untied from the other ELI Entities. That stay has yet to be lifted. Moreover, the Court has not heard dispositive motions. As such, the schedule will not be disrupted, or any impact on the schedule will be minimal.

Importantly, an attorney can withdraw from representing a corporation without offending the rule against corporate self-representation. "The ban on corporate self-representation does not prevent a court from granting a motion to withdraw as attorney of record, even if it leaves the corporation without representation. Such an order puts pressure on the corporation to obtain new counsel, or risk forfeiting important rights through nonrepresentation." *Gamet v. Blanchard*, 91 Cal. App. 4th 1276, 1284 n.5 (2001) (citations omitted); *see also Ferruzzo v. C. & D. Enter.*, 104 Cal. App. 3d 501, 504 (1980); *Pehle v. Dufour*, No. 2:06-cv-01889-MCE-EFB, 2011 U.S. Dist. LEXIS 7495, at *2-3 (E.D. Cal. Jan. 26, 2011) (collecting cases). In the correspondence outlining the reasons for withdrawal, counsel informed Mr. Mahon, the last known person of authority on behalf of the ELI Entities, that those Entities could not represent themselves in the matter *pro se*. (Hanle Decl., ¶ 5.) Counsel also advised Mr. Mahon that there could be consequences to those entities if Mr. Mahon determines not to substitute new counsel, and further explained what those consequences could be. (*Id.*) Mr. Mahon confirmed his receipt of the correspondence outlining these consequences. And should the Court grant the motion, it may also order the ELI Entities to secure new counsel promptly,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD
4881-3607-2888v4/107283-0001

without causing any delay, or to risk the consequences of those Entities' being unrepresented. *See SEC v. SHE Bev. Co.*, No. 2:21-cv-7339-CAS (ASx), 2022 U.S. Dist. LEXIS 199032, at *5 (C.D. Cal. Oct. 31, 2022) (granting motion to withdraw and requiring corporate party to obtain new counsel within 30 days of order).

For these reasons, there will be no significant impact on the case schedule if the motion is granted.

## IV.   CONCLUSION

For the foregoing reasons, Stradling should be permitted to withdraw from representation of the ELI Entities.

DATED:  April 26, 2024

STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation

By:   *Steven M. Hanle*
Steven M. Hanle
Jason H. Anderson
Ahmad S. Takouche

Attorneys for Plaintiffs, Counterclaim Defendants and Third Party Defendants ELI Realty Investments, LLC; Michael Mahon; Pamela Mahon; MRM Investments, LLC; Matek LLC; AIM High Capital Partners, LLC; Exclusive Lifestyles SoCal, LLC; Exclusive Lifestyles San Francisco, Inc.; Exclusive Lifestyles Ohio, LLC; Exclusive Lifestyles Las Vegas, LLC; Exclusive Lifestyles Tahoe, LLC